**UNITED STATES**

v.

**Staff Sergeant James K. HULSEY, FR 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, United States Air Force.**

**ACM 24956.**

U.S. Air Force Court of Military Review.

12 Dec. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Major Conrad C. Baldwin, Jr., and Captain Raymond J. Hardy, Jr., USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Captain Joseph S. Kistler and Captain Teresa J. Stremel, USAFR.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

The appellant argues that the trial judge erred in not dismissing the charges[1] against him as he was not brought to trial within 120 days after "conditions on [his] liberty" were imposed. R.C.M. 304 and 707.

In affirming the Judge's ruling that the appellant received a "speedy trial" as that term is defined in R.C.M. 707(a), we think it is appropriate to set out the major events in the pretrial processing of this case:

16 October 1984 Allegations of sexual misconduct made against the appellant. His commander ordered him to live in the barracks and to refrain from returning to his on-base family quarters. He could meet with his children (son and daughter) only if accompanied by his commander or when arranged by the Base Mental Health Clinic.

---

1. The appellant pled guilty to having his 12 year old daughter commit sodomy on him and taking indecent liberties with her. Under the terms of a pretrial agreement the approved sentence extends to a dishonorable discharge, 12 years confinement, forfeiture of one hundred dollars per month for twelve years and reduction to airman basic.

14 December 1984 Appellant allowed to resume living in his on-base family quarters. No restriction on contact with his children.

19 December 1984 Appellate ordered to return to the barracks as medical authorities were not certain he would not repeat the sexual misconduct with his daughter that was the subject of prior allegations. He could meet with his children under the conditions imposed on 16 October 1984.

21 December 1984 Psychiatric examination begun.

26 December 1984 Charges preferred.

7 January 1984 Appellant permitted to return to his on-base family quarters with no restrictions.

24 January 1985 Article 32b investigation began. The inquiry was originally scheduled for 27 December 1984, but delayed until 23 January 1985 per defense request.

25 February 1985 Trial set for 21 March 1985

6 March 1985 Defense requested trial delay until 22 April 1985

22 April 1985 Defense joined Government in a request for an additional delay of eight days.

30 April 1985 Trial began.

At trial and in the staff judge advocate's recommendation the Government conceded that the commander's action in ordering the appellant to live in the barracks constituted "conditions on liberty" which triggered the provisions of R.C.M. 707(a). Assuming, *arguendo*,[2] that this was so, the appellant was still brought to trial well within the 120 day limit. Both parties agreed at trial and on appeal that 196 days elapsed between the commander's *initial* action ordering the appellant to live in the barracks and the trial date. The dispute about which this appeal centers is whether the defense requested delays amounted to 76 days as the Government argues or 74 days as the appellant contends. If the former the trial began on the 120th day; if the latter it began on the 122nd day.

Our examination of the transcript and R.C.M. 707 permits us to decide the "speedy trial" issue without regard to the exact number of days, be they 76 or 74, attributable to defense requested delays.

R.C.M. 707(b)(2) states that "when no charges are pending—*if the accused is released from pretrial restraint for a significant period, the time under this rule shall run only from the date on which* [the] *restraint* [is] *reinstituted."* (Emphasis added.) The appellant's release from pretrial restraint was not a subterfuge designed to circumvent R.C.M. 707, but an honest effort to allow him to return to the family residence. Likewise, we conclude the five days, i.e., 14–19 December 1984, he was released from pretrial restraint was a "significant period" as contemplated by the provision just cited. This being so, the Government is accountable for only the period between 19 December 1984, and the trial date, i.e., 132 days less any defense requested delays. Accepting the defense's position that they are responsible for only 74 days of delay, the trial began on the 58th day of pretrial restraint, thus meeting the requirement of R.C.M. 707. The findings of guilty and the sentence are

AFFIRMED

FORAY, Senior Judge and MICHALSKI, Judge, concur.

---

**2.** Under the facts of this case we need not decide if requiring an accused to live in the barracks with no restrictions on his freedom to move about as he pleases, constitutes a "condition on liberty" so as to invoke the provisions of R.C.M. 707.