UNITED STATES, Appellee,

v.

Ignatius M. SORIANO, Navy Counselor First Class, U.S. Navy, Appellant.

No. 51,100.

NMCM 84 0953.

U.S. Court of Military Appeals.

Oct. 6, 1986.

For appellant: *Lieutenant Richard F. McManus, JAGC, USNR* (argued); *Lieutenant J. Cunyon Gordon, JAGC, USN* (on brief); *Captain David C. Larson, JAGC, USN* and *Lieutenant Louis F. Sadler, JAGC, USNR.*

For appellee: *Commander Michael P. Green, JAGC, USN* (argued); *Lieutenant Brian D. Saunders, JAGC, USNR* (on brief); *Captain W.J. Hughes, JAGC, USN.*

**454**

PER CURIAM:

Upon his negotiated pleas, appellant was found guilty by general court-martial with officer members of violations of Articles 86, 108, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 908, and 921, respectively. His sentence as approved and partially suspended includes

a Bad-Conduct Discharge, confinement at hard labor for ten years, reduction to pay grade E-1, forfeiture of all pay and allowances, and to pay the United States a fine of $10,000.00 and to be further confined at hard labor for two years if said fine is not paid, is approved, however, that portion thereof pertaining to confinement at hard labor in excess of five years is suspended for the period of actual confinement.

■ Appellant now asks this Court to determine whether the fine-enforcement provision of the approved sentence constitutes a denial of equal protection of the law when appellant is indigent. Although appellant has suffered no imprisonment as a result of his alleged indigency and resulting inability to pay the fine, and the issue is not yet ripe for appeal, we nevertheless will address the issue raised.

R.C.M. 1113(d)(3), Manual For Courts-Martial, United States, 1984, provides:

Confinement may not be executed for failure to pay a fine if the accused demonstrates that the accused has made good faith efforts to pay but cannot because of indigency, unless the authority considering imposition of confinement determines, after giving the accused notice and opportunity to be heard, that there is no other punishment adequate to meet the Government's interest in appropriate punishment.

R.C.M. 1113(d)(3) modifies paragraph 126 *h* (3) of the Manual for Courts-Martial, United States, 1969 (Revised edition), which was in effect at the time appellant's sentence was approved, to reflect constitutional considerations. *See Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), and cases cited therein.

■ We hold that the rule set forth in R.C.M. 1113(d)(3) applies to all accuseds whose unexecuted sentences include a fine and an enforcement provision requiring incarceration if the fine is not paid, regardless of the date the sentence was imposed. Therefore, appellant is entitled to consideration of his alleged indigency prior to his imprisonment for failing to pay the fine. He shall not be imprisoned for such failure unless he "willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay" the fine. *Bearden v. Georgia, supra* at 672, 103 S.Ct. at 2073.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.