UNITED STATES, Appellee,

v.

Private First Class Melvin WALKER, 414–19–5645 (aka Robert D. Walker, 411–21–7824,), United States Army, Appellant.

ACMR 8701913.

U.S. Army Court of Military Review.

28 June 1988.

---

* Senior Judge Anthony P. De Giulio took final action in this case prior to his reassignment.

berson, JAGC, Captain Gary L. Hausken, JAGC, First Lieutenant Jonathan F. Potter, JAGC (on brief).

Before DeFORD, KANE, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

KANE, Judge:

The appellant was tried by a military judge sitting as a general court-martial. Pursuant to this pleas, the appellant was convicted of fraudulent enlistment, absence without leave, willful disobedience of a noncommissioned officer (two specifications), violation of a lawful general regulation (two specifications), making a false official statement (nine specifications), wrongful use of marijuana, larceny (twenty-one specifications), forgery (forty-six specifications), and impersonation of a noncommissioned officer with intent to defraud (two specifications), violations of Articles 83, 86, 91, 92, 107, 112a, 121, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 883, 886, 891, 892, 907, 912a, 921, 923, and 934 (1982 and Supp. I 1983). He was sentenced to a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and a fine of $18,878.00 with an enforcement provision which provided for additional confinement of thirty-six months if the fine is not paid prior to completion of the original term of confinement. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and the fine together with its enforcement provision.

I

■ The appellant's pretrial agreement provided that the convening authority would approve no sentence in excess of reduction to Private E–1, confinement for five years, forfeiture of all pay and allowances, and a dishonorable discharge. The agreement provided that all other lawful punishments, including a fine, could be approved as adjudged. The sentence an-

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Dale K. Marvin, JAGC, Captain Brian D. DiGiacomo, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Ro-

nounced by the military judge included in its elements confinement for six years and a fine of $18,878.00 with a three year enforcement provision if the fine was not paid. The appellant contends, *inter alia,* that the contingent confinement provided for as an enforcement provision to the adjudged fine impermissibly exceeds the limitation to confinement agreed to by the convening authority. We agree.

In *United States v. Hodges,* the United States Court of Military Appeals reversed in part a decision of this court which commuted an adjudged dishonorable discharge to an additional twelve months confinement. *United States v. Hodges,* 22 M.J. 260, 261 (C.M.A.1986). The court found that the commutation was authorized by law but nonetheless reversed the sentence to an additional twelve months confinement because it violated the sentence limitation provided for in the accused's pretrial agreement. *Id.* at 263. The court held that imposing a sentence to confinement in excess of that agreed upon in an accused's pretrial agreement would violate the terms of that agreement if the accused reasonably believed that he could suffer no term of confinement in excess of that agreed upon. *Id.*

In the case at bar, the appellant entered into a pretrial agreement providing for a confinement limitation of five years. Nevertheless, the appellant in this case may very well suffer eight years confinement under the sentence as approved by the convening authority. We find no evidence of record indicating that the appellant understood that the convening authority could approve an enforcement provision which would extend the agreed upon limitation of confinement. *See United States v. Edwards,* 20 M.J. 439, 440 (C.M.A.1985). Nor do we find any express or implied condition in the pretrial agreement providing notice that the confinement limitation might be enlarged by an enforcement provision for the nonpayment of a fine. *See United States v. Hodges,* 22 M.J. at 263. Accordingly, the sentence as approved by the convening authority exceeds the confinement limitation provided for in the pre-

trial agreement as it was understood by the appellant.

II

■ The appellant also contends that the adjudged $18,878.00 fine is an excessive punishment. The appellant argues that he repaid $5,000.00 of the $9,154.72 which he obtained by fraud and that there is no other evidence of record which can justify the amount of the fine. We disagree.

In addition to the unpaid proceeds of appellant's various criminal enterprises, the appellant also defrauded the United States Army of training, sustenance, pay, and allowances to which he was not entitled. For more than a year, the appellant received Army pay checks, lived in Army barracks, ate at Army mess halls, and received valuable Army training. The amount he received in pay alone exceeds $9,000.00. We are satisfied that the fine adjudged in this case adequately reflects the unjust enrichment appellant realized as a result of his fraudulent enlistment and other criminal enterprises.

The court has considered the allegations of error personally asserted by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and, insofar as they are not addressed in the decision above, they are deemed to be without merit.

On consideration of the entire record, we hold the findings of guilty correct in law and fact. Accordingly, the findings of guilty are affirmed. Reassessing the sentence based upon the error noted above and the entire record, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for five years, total forfeitures, and a fine of $18,878.00.

Senior Judge DeFORD and Judge SMITH concur.