UNITED STATES

v.

Technical Sergeant William J. BIONDI,
FR 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, United States
Air Force.

Misc. Dkt. No. 88-05.

U.S. Air Force Court of Military Review.

Sentence Adjudged 31 Oct. 1984.

Decided 15 Nov. 1988.

William J. Biondi, pro se.

## OPINION OF THE COURT FOR WRIT OF ERROR CORAM NOBIS

HODGSON, Chief Judge:

The petitioner is presently incarcerated at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, having pleaded guilty to committing sodomy and indecent acts with children. Both this Court and the Court of Military Appeals affirmed his conviction. *United States v. Biondi*, 24 M.J. 332 (C.M.A.1987) (APPEALS–SUMMARY DISPOSITIONS); *United States v. Biondi*, ACMR 24777, 7 October 1985. He did not file a timely petition for a writ of certiorari to United States Supreme Court pursuant to Article 67(h), UCMJ, 10 U.S.C. § 867(h).

The petitioner makes a three pronged attack on the validity of his conviction. He argues: (1) that Article 56, UCMJ, 10 U.S.C. § 856, which allows the President to set the punishment for violations of the Code, is an invalid delegation of congressional legislative power to the President; (2) that Article 125, sodomy, as charged against him, is invalid as an abuse of presidential discretion; and (3) that Articles 125 and 134 of the Code, 10 U.S.C. §§ 925, 934, are invalid as a matter of law for failure to prescribe a penalty or maximum penalty.

The authority of this court to act on an extraordinary writ under the All Writs

Act * is well established. *Rhea v. Starr,* 26 M.J. 683 (A.F.C.M.R.1988); *United States v. Mahoney (Technical Sergeant Tommy L. Ramsey, Real Party in Interest),* 24 M.J. 911 (A.F.C.M.R.1987); *Brooks v. United States,* 2 M.J. 1257 (A.C.M.R.1976); *United States v. Draughon,* 42 C.M.R. 467 (A.C.M.R.1970). *See also Kelly v. United States,* 50 C.M.R. 786 (C.M.A.1975).

 We turn now to an examination of the petitioner's prayer for relief. The basis for granting a writ of coram nobis is a demonstration of *error of fact* unknown at time of trial, of fundamentally unjust character which probably would have altered the outcome of the challenged proceedings had it been known. It is in the nature of an attack on a conviction, valid on its face, defective *by reason of facts* outside the record which deprived the petitioner, without fault on his part, of the constitutional right to a fair trial. *Flippins v. United States,* 747 F.2d 1089 (6th Cir.1984). The purpose of a writ of coram nobis is to correct *errors of fact,* not errors of law, and the writ is not intended to enable a petitioner to resubmit his case to the court on a different legal theory from that origi-

nally presented. *United States v. Frischolz,* 16 U.S.C.M.A. 150, 36 C.M.R. 306 (1966); *Chapel v. United States,* 21 M.J. 687 (A.C.M.R.1985).

The errors alleged in the petitioner's prayer for relief are questions of law, not fact. They could have been addressed in his initial appeal both before this Court and the Court of Military Appeals. In essence, the petitioner wishes to begin the appellate process anew by asserting a different set of legal arguments of why his conviction should be set aside. A writ of coram nobis cannot be used as a vehicle to overcome a prior unsuccessful appeal. *United States v. Frischolz, supra.* The petition is

DENIED.

Senior Judge FORAY and Judge HOLTE concur.

---

* 28 U.S.C. § 1651. Writs.

    (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.