**Inmate Kenneth R. TILLMAN,**
**(formerly Private, U.S. Army),**
**569–15–5818, Petitioner,**

v.

**UNITED STATES, Respondent.**

**ACMR MISC 9002115.**
**ACMR 8900781.**

U.S. Army Court of Military Review.

23 May 1991.

For Petitioner: Major Michael J. Kelleher, JAGC, Captain Michael J. Berrigan, JAGC (on brief).

For Respondent: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Martin D. Carpenter, JAGC, Major Maria C. Fernandez, JAGC, Captain Joel J. Berner, JAGC, Captain Gary A. Khalil, JAGC (on brief).

Before NAUGHTON, GRAVELLE, and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF ERROR CORAM NOBIS

JOHNSTON, Judge:

The petitioner's conviction and sentence have been affirmed previously by both this court and the United States Court of Military Appeals. *United States v. Tillman*, ACMR 8900781 (A.C.M.R. 28 July 1989) (unpub.), *aff'd*, 30 M.J. 19 (C.M.A.1990). The petitioner has filed a Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis. He contends that the ineffective assistance of appellate counsel deprived him of a proper review before this court of a fine-enforcement provision improperly approved by the convening authority.[1] We agree, and grant appropriate relief.

I

At his trial in March 1989, the petitioner pled guilty, pursuant to a pretrial agreement, to conspiracy (two specifications), larceny, and burning a car with intent to defraud, in violation of Articles 81, 121, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 921, and 934 (1982), respectively. He was sentenced by the military judge to a dishonorable discharge, confinement for six years, forfeiture of $699.00 pay per month for seventy-two months, a fine of $20,000.00, and "to be further confined for three years until the fine is paid."

---

1. Petitioner also asserts that the military judge erred by failing to determine fully the applicability of the pretrial agreement to the adjudged sentence.

The pretrial agreement in this case specified that "any confinement" in excess of forty months would be suspended for two years. The agreement also stated that the convening authority could approve "any other lawful punishment." All parties at trial agreed that the three years confinement conditional upon payment of the fine would have to be suspended in order to fulfill the terms of the pretrial agreement.[2] The convening authority's action in approving the sentence suspended confinement in excess of forty months for two years and, inexplicably, provided for an additional three years of confinement "until said fine is paid."

The petitioner was confined initially at the Pearl Harbor, Hawaii, confinement facility while his case was before this court. The original appellate defense counsel, CPT X, did not personally contact the petitioner during the pendency of the appeal before this Court. CPT X sent all correspondence as a matter of routine to the U.S. Disciplinary Barracks, Fort Leavenworth, Kansas, and submitted the case to this court "upon its merits." This court affirmed the findings and sentence. *Tillman*, slip. op. at 1.

Several months after the opinion from this court was issued, CPT X prepared an appeal to the Court of Military Appeals. In that court, the petitioner for the first time asserted that the convening authority erred in approving the fine enforcement provision that exceeded the sentence limitation of the pretrial agreement. The petition for grant of review was denied "without prejudice to raise the issue of imprisonment if the fine is not paid (by means of a writ of extraordinary relief)." *United States v. Tillman*, 30 M.J. 19 (C.M.A.1990) (order denying petition). Apparently CPT X did nothing further in assisting his client.

## II

In June 1990, the petitioner wrote a letter to the U.S. Army Legal Services Agency, Examination and New Trials Division, requesting information about filing an extraordinary writ with this court. He then filed a Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis.

Upon receipt of the petition, this court ordered the government to show cause why the appellant's request to set aside the sentence and restore him to duty should not be granted. In addition, the court specified three issues.[3] *Tillman v. United States*, ACMR MISC 9002115 (A.C.M.R. 28 Aug. 1990) (order to show cause).

■ Although the provisions of Article 76, UCMJ, 10 U.S.C. § 876, indicate that appellate review of a case such as this is final and conclusive, it is well established that we have jurisdiction to rule on a petition for a writ of error coram nobis under

---

2. The colloquy at trial clearly showed the understanding of the parties.

> MJ: Now the way I construe the pretrial agreement with that sentence, the Convening Authority can approve the entire sentence, will be required to suspend 32 months of the confinement—if he does—that suspension may run for a period of two years from the time of the action—be hanging over your head for that long. The way I construe the agreement, the—[pause]—three years confinement conditional upon payment of the forfeiture would also have to be suspended in order to fulfill the terms of the agreement.
>
> Is that the way you understood that—the fine rather? I think I said conditional on payment of the forfeiture, I meant fine. Is that the way you understood your agreement would work?
>
> ACC: Yes, sir.
> MJ: The parties in agreement?
> TC: Yes, Your Honor.
> DC: Yes, sir.

MJ: Okay....

3.

I

WHETHER THIS COURT MAY PROPERLY GRANT EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF ERROR CORAM NOBIS IN VIEW OF THE NATURE OF THE ISSUES PRESENTED BY PETITIONER.

II

WHETHER ANY OTHER METHOD OF EXTRAORDINARY RELIEF IS AVAILABLE TO THE PETITIONER TO BRING THE PRESENTED ISSUES BEFORE THIS COURT.

III

WHETHER PRESENTED ISSUE I IS RIPE FOR CONSIDERATION BEFORE THE PETITIONER IS ACTUALLY SERVING THE ALLEGED ILLEGAL PORTION OF HIS SENTENCE, *I.E.*, THE THREE YEAR ADDITIONAL CONFINEMENT CONTINGENT ON PAYMENT OF THE FINE.

28 U.S.C. § 1651(a). *Chapel v. United States*, 21 M.J. 687 (A.C.M.R.1985). "[T]he present-day scope of coram nobis is broad enough to encompass not only errors of fact that affect the validity or regularity of legal proceedings, but in addition, legal errors of a constitutional or fundamental proportion." *United States v. Wickham*, 474 F.Supp. 113, 116 (C.D.Cal.1979).

In *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), the Supreme Court noted that "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy [of a writ of error coram nobis] only under circumstances compelling such action to achieve justice." *Id.* at 511, 74 S.Ct. at 252. *See United States v. Bonansinga*, 855 F.2d 476, 478 (7th Cir.1988) (coram nobis may lie when error of law results in miscarriage of justice). As this court noted in *United States v. Draughon*, 42 C.M.R. 447, 453 (A.C.M.R. 1970), the exercise of extraordinary power in the nature of coram nobis involves no more than a court reconsidering its own acts to avoid a miscarriage of justice.[4]

■ We recognize that coram nobis is not a substitute for appeal. It is an extraordinary remedy predicated on exceptional circumstances not apparent to the court in its original consideration of the case. In order to obtain relief, a petitioner must satisfy the heavy burden of establishing that: (1) an error had been made that was unknown to him during appeal; (2) a more usual remedy is unavailable; (3) valid reasons exist for not previously attacking the conviction; and, (4) the error was of such a fundamental nature as to render the proceedings irregular and invalid. *See, e.g., Hirabayashi v. United States*, 828 F.2d 591 (9th Cir.1987).

■ In this case, the petitioner was not contacted by his original appellate defense counsel, CPT X, and was unaware that his case had been heard by this court. He also did not know that the fine-enforcement issue had not been briefed and argued to this court.[5]

■ Raising the fine-enforcement issue before the Court of Military Appeals did not substitute for a meaningful appeal before our court. Our unique mandate under Article 66, UCMJ, 10 U.S.C. § 866, is to affirm only such findings of guilty and the sentence as we find correct in law and fact. In light of the discussion among the parties at trial about the efficacy of the fine-enforcement provision, the failure to raise the issue before this court calls into question the effectiveness of the original appellate defense counsel, CPT X, and the validity of this court's earlier proceedings.[6]

---

4. We note that ineffective assistance of counsel has been raised by means of coram nobis. *See United States v. Michaud*, 925 F.2d 37 (1st Cir. 1991) (Ineffective assistance of counsel may provide basis for coram nobis relief; contempt citation for failure to pay fine satisfies collateral consequences requirement for coram nobis relief); *Bellavia v. Fogg*, 613 F.2d 369 (2d Cir. 1979) (Ineffective assistance of counsel asserted as a basis for coram nobis relief).

5. An affidavit filed with this court pursuant to *United States v. Burdine*, 29 M.J. 834, 837 (A.C. M.R.1989), indicates that the original appellate defense counsel attempted to contact the accused by mail, but the letter was returned marked "Attempted Not Known." While these efforts to contact the petitioner may suffice in a case where the soldier is no longer on active duty and has only left a forwarding address, a soldier in the custody of the United States can be located and contacted if appellate counsel use appropriate diligence. It is inconceivable to us that CPT X could attempt to represent an accused on appeal without taking reasonable steps to discuss the case with his client and notifying him that the case would be heard before this court. *See* Dep't of Army, Pam. 27–26, Rules for Professional Conduct for Lawyers, Rules 1.3–1.4 and accompanying comments (31 Dec. 1987); *see also* ABA Standards for Criminal Justice, Standard 21–3.2(b)(i) (2d ed. 1980 & Supp.1986), concerning discussions between appellate defense counsel and their clients.

6. In *United States v. Palenius*, 2 M.J. 86 (C.M.A. 1977), the court emphasized the necessity of continued representation of the accused on appeal, and the responsibility of trial defense counsel to alert appellate defense counsel to possible issues to argue before the Courts of Military Review. In our view, both counsel are responsible for this exchange.

The failure to receive a full review before this court with the effective assistance of appellate defense counsel deprived the petitioner of a substantial right. *See United States v. Hullum,* 15 M.J. 261, 268 (C.M.A.1983) (ineffective assistance of appellate counsel is not an inconsequential deprivation of a right; failure to brief and argue sentence appropriateness before the Navy–Marine Court of Military Review was ineffective assistance of counsel where the accused had a nonfrivolous issue that had been asserted at trial); *but see United States v. Baker,* 28 M.J. 121 (C.M.A.1989) (failure to brief and argue sentence appropriateness was not ineffective assistance of counsel).

■ Based on these considerations, and in view of the peculiar facts of this case and the nature of the errors alleged,[7] we hold that the petitioner has met the heavy burden of showing that he was subjected to a miscarriage of justice before this court.

### III

■ The petitioner would have us reverse his original sentence and restore him to active duty. We do not agree the petitioner merits such treatment. Justice is served when the ineffective assistance of the original appellate defense counsel is remedied by providing a thorough appellate review before this court with the assistance of a capable appellate defense counsel who has researched and refined the petitioner's allegations. The effective advocacy of the current appellate defense counsel has been useful to our review of the case.

■ In *United States v. Walker,* 26 M.J. 813 (A.C.M.R.1988), this court struck down a fine-enforcement provision approved by a convening authority that exceeded the confinement limitation provided for in a pretrial agreement "as it was understood by the appellant." *Id.* at 815. The court found no evidence of record indicating that the appellant understood that the convening authority could approve an enforcement provision that would exceed the pretrial agreement's limit on confinement. *Id.* In the case at bar, the petitioner, defense counsel, trial counsel, and military judge, all understood that the fine-enforcement provision would have to be suspended in order to fulfill the terms of the agreement.

■ "It is axiomatic that ambiguities in the interpretation of pretrial agreements are resolved in favor of the accused." *United States v. Davis,* 20 M.J. 903, 905 (A.C.M.R.1985). In the event of a misunderstanding as to the application of a pretrial agreement to the sentence adjudged, the military judge is to conform the terms of the agreement to the accused's understanding or to allow the accused to withdraw his plea. In this case, the military judge and both counsel agreed that the convening authority would be limited by the term of months expressed in the agreement. Thus, there was no misunderstanding at trial concerning the enforcement provision. The convening authority suspended confinement in excess of forty months, *i.e.,* the limit on confinement specified in the pretrial agreement. He could not exceed that limit by purporting to suspend an additional period of confinement to enforce the fine in contravention of the pretrial agreement.

Therefore, that part of the petitioner's approved sentence that provides for additional confinement in the event the petition-

---

**7.** The respondent contends the issue concerning confinement as a fine-enforcement provision is not ripe for consideration as the petitioner is not serving a portion of the contingent confinement. We disagree. "Ripeness" as a concept permitting legal review means more than maturation of a situation of potential illegal confinement. *See United States v. Soriano,* 22 M.J. 453 (C.M.A.1986) (although a fine-enforcement provision was not ripe for appeal because the accused in the case had suffered no imprisonment as a result of his alleged indigency and inability to pay the fine, the issue nevertheless was addressed.)

*Soriano* focused on the application of the indigency exception under R.C.M. 1113(d)(3) to prevent contingent enforcement of a fine. This case deals with a fine-enforcement provision that may have been improperly approved by the convening authority regardless of the appellant's indigency.

er's fine is not paid, is set aside.[8]

Senior Judge NAUGHTON and Judge GRAVELLE concur.

---

8. The $20,000.00 fine remains in effect.