Pharaoh Ojore NKOSI, a.k.a. Brian K. Garries, 093–54–3705, Petitioner,

v.

Colonel Gregory LOWE, and The United States of America, Respondents.

Misc.Dkt. No. 93–15.

U.S. Air Force Court of Military Review.

2 Sept. 1993.

Before JOHNSON, GRUNICK, and YOUNG, Appellate Military Judges.

### OPINION OF THE COURT

JOHNSON, Senior Judge:

Petitioner seeks extraordinary relief in the form of a writ of error coram nobis ordering his release from confinement. He is presently incarcerated at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, having been convicted by court-martial of premeditated murder. Both this Court and the Court of Military Appeals affirmed his conviction. *United States v. Garries*, 22 M.J. 288 (C.M.A. 1986); *United States v. Garries*, 19 M.J. 845 (A.F.C.M.R.1985). The Supreme Court of the United States denied his petition for a writ of certiorari. 479 U.S. 985, 107 S.Ct. 575, 93 L.Ed.2d 578 (1986).

Petitioner argues his conviction by court-martial was void because the military judge was appointed in violation of the Appointments Clause of the United States Constitution.[1] We conclude petitioner has

---

**1.** U.S. CONST. art. II, § 2, cl. 2.

failed to establish an adequate basis for the relief he requests.

■ The authority of this Court to act on a petition for an extraordinary writ under the All Writs Act, 28 U.S.C. § 1651(a) (1988),[2] is well established. *See United States v. Biondi,* 27 M.J. 830 (A.F.C.M.R. 1988), and the cases cited therein.[3] At common law the primary purpose of a writ of error coram nobis was to correct errors of fact not apparent in the evidence originally before the court. *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). The writ is not intended to enable a petitioner to restart the appellate process after it has been properly completed. Its use is limited to exceptional circumstances not apparent to the court in its original consideration of the case. *United States v. Frischholz,* 16 U.S.C.M.A. 150, 36 C.M.R. 306 (1966).

■ We place no significance, however, on appellant's designation of coram nobis as the specific writ he seeks. The label placed on a petition for extraordinary relief is of little significance. *Ex parte Simons,* 247 U.S. 231, 240, 38 S.Ct. 497, 498, 62 L.Ed. 1094 (1918); *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974) ("petition for extraordinary relief"); *Collier v. United States,* 19 U.S.C.M.A. 511, 42 C.M.R. 113 (1970) ("petition for appropriate relief").

■ The cases in which the courts of military review and the Court of Military Appeals have granted extraordinary relief after the completion of the normal appellate review process appear to fall into three categories:

(1) New information not included in the record of trial shows that petitioner was denied a significant right, *e.g., Lohr v. United States,* 21 U.S.C.M.A. 150, 44 C.M.R. 204 (1972) (petition for extraordinary relief filed after completion of appellate review was granted where the record initially before the Court of Military Appeals failed to show that the court of military review had followed an unlawful procedure); *United States v. Tillman,* 32 M.J. 962 (A.C.M.R.1991) (petition for coram nobis was granted where ineffective assistance of appellate counsel—including failure to contact petitioner—deprived petitioner of proper review before court of military review of a fine-enforcement provision); *Chapel v. United States,* 21 M.J. 687 (A.C.M.R.1985) (petition was considered on its merits but denied where evidence of command influence was not discovered until after completion of appellate review; evidence was found insufficient to establish unlawful command influence or disqualification of convening authority).

(2) Post-trial events deprived petitioner of a significant right, *e.g., Dunlap* (petition for extraordinary relief was granted where the petitioner was held in confinement for 11 months pending a new trial after his initial conviction was set aside by the general court-martial convening authority);[4] *Johnson v. United States,* 19 U.S.C.M.A. 407, 42 C.M.R. 9 (1970) (petition filed after appellate review was completed "for habeas corpus or for appropriate relief" was granted where The Judge Advocate General of the Navy granted a new trial on the basis of newly discovered evidence, but the Navy failed to release petitioner from confinement).

2. "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

3. *See also* Daniel J. Wacker, *The "Unreviewable Court–Martial Conviction: Supervisory Relief under the All Writs Act from the United States Court of Military Appeals,* 10 HARV.CIV. RIGHTS–CIV.LIB.L.REV. 33 (1975), *reprinted in* 19 MIL.L.REV. 609 (1975).

4. The Court of Military Appeals announced in *Dunlap* that in cases arising more than 30 days after its decision, a presumption of a denial of speedy post-trial disposition of the case would arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial. This rule was abandoned in *United States v. Banks,* 7 M.J. 92 (C.M.A.1979) in favor of testing for prejudice in the circumstances of each case resulting from delay in the final action of the convening authority.

(3) A jurisdictional defect existed, and a remedy was applied retroactively, *e.g.*, *Del Prado v. United States*, 23 U.S.C.M.A. 132, 48 C.M.R. 748 (1974) (petition for extraordinary relief was granted where jurisdictional requirement for written request for trial by military judge alone [5] was applied retroactively to petitioner whose appellate review was completed before the Court of Military Appeals held that a written request was a jurisdictional prerequisite); *cf., United States v. Snyder*, 18 U.S.C.M.A. 192, 40 C.M.R. 192 (1969) (petition for extraordinary relief was denied where its basis was an argument for retroactive application of the "military connection" jurisdictional requirement established in *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969)); *Brooks v. United States*, 2 M.J. 1257 (A.C.M.R. 1976) (petition was considered on its merits but denied where the basis was retroactive application of *United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975), invalidating certain pretrial agreements; no prejudice to petitioner was found).

 Petitions for extraordinary relief based on legal errors other than jurisdictional defects, and which could have been raised based on the record of trial that was before the appellate courts, have generally not been entertained after completion of normal appellate review. *See Frischholz* (petition for coram nobis was denied where asserted errors could have been raised in original appeal); *Biondi* (petition for coram nobis was denied where an attack on the validity of Article 56, UCMJ, 10 U.S.C. § 856, which authorizes the President to set maximum punishments for UCMJ viola-

tions, could have been raised in original appeal).

The petitioner in this case raises a jurisdictional argument, so we have reviewed his petition on its merits. His argument has been addressed and found by the Court of Military Appeals to have no merit. *United States v. Weiss*, 36 M.J. 224 (C.M.A. 1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993).[6] This Court is bound to follow that decision. In these circumstances, the relief he requests is unwarranted. Accordingly, the petition is

DENIED.

Judges GRUNICK and YOUNG concur.

---

**5.** The requirement that a request for trial by military judge alone be in writing was eliminated by the Military Justice Act of 1983, Pub.L. No. 98–209, § 3(a), 10 U.S.C. § 816 (1988).

**6.** It is possible the Supreme Court may find that the military judge in *Weiss* and, by extension, the military judge in petitioner's case, were appointed improperly. The validity of the courts-martial on which they sat may or may not be affected. *See United States v. Carpenter*, 37 M.J. 291 (C.M.A.1993) (appointment of the Chief

Judge of the United States Coast Guard Court of Military Review did not satisfy the Appointments Clause, but his judicial acts were entitled to *de facto* validity). The Supreme Court might also decide not to give its decision retroactive effect for cases whose appellate review is complete. *See Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). It is also possible, of course, that the Supreme Court will sustain the holding of the Court of Military Appeals.