**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**Captain DAVID H. JUILLERAT,**
**United States Air Force**

**v.**

**UNITED STATES**

**Misc. Dkt. No. 2016-03**

**22 February 2016**

Sentence adjudged 17 May 2000 by GCM convened at MacDill Air Force Base, Florida. Military Judge: Harvey A. Kornstein.

Approved sentence: Dismissal, confinement for 22 months, and forfeiture of all pay and allowances.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

The pro se Petitioner filed a request with this court asking for clarification of the facts and law supporting his conviction for bigamy. "The label placed on a petition for extraordinary relief is of little significance." *Nkosi v. Lowe,* 38 M.J. 552, 553 (A.F.C.M.R. 1993). We will consider this as a petition for writ of error coram nobis. We deny the petition.

*Background*

Petitioner was convicted, pursuant to his pleas, of four specifications for wrongfully possessing and using false identification documents with the intent to deceive, one specification for conduct unbecoming an officer, and six specifications for making false official statements and bigamy, in violation of Articles 107, 133, and 134, UCMJ, 10 U.S.C. §§ 907, 933, 934. His approved sentence included a dismissal, confinement for 22 months, and forfeiture of all pay and allowances. *United States v. Juillerat,* ACM

34205 (A.F. Ct. Crim. App. 2002). In his direct appeal, Petitioner raised nine issues for our consideration pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). He also petitioned this court for a new trial. *Id.* We denied the petition for a new trial and affirmed the approved findings and sentence. *Id.* Further review was denied by our superior court on 30 June 2003. *United States v. Juillerat*, 59 M.J. 32 (C.A.A.F. 2003).

*Discussion*

The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs. *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). "The writ of coram nobis is an ancient common-law remedy designed 'to correct errors of fact.'" *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)). Appellate military courts have jurisdiction over "*coram nobis* petitions to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect." *Id*. at 917. The writ of coram nobis is an extraordinary writ and an extraordinary remedy. *Id.* It should not be granted in the ordinary case; rather, it should be granted only under circumstances compelling such action to achieve justice. *Id.*; *Morgan*, 346 U.S. at 511; *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973).

Although a petitioner may file a writ of coram nobis at any time, to be entitled to the writ he must meet the following threshold requirements:

> (1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008), *aff'd and remanded*, 556 U.S. 904 (2009).

This court uses a two-tier approach to evaluate claims raised via a writ of coram nobis. First, the petitioner must meet the aforementioned threshold requirements for a writ of coram nobis. *Id.* If the petitioner meets the threshold requirements his claims are then evaluated under the standards applicable to his issues. *Id.* Evaluating Petitioner's case under the coram nobis threshold requirements, we find that he has failed to satisfy at least one threshold requirement, and the failure to meet any one alone warrants a denial of Petitioner's writ.

Petitioner is, at this point, challenging the sufficiency of his plea. *See United States v. Phillips,* 74 M.J. 20, 21–22 (C.A.A.F. 2015) ("The appellant bears the burden of establishing that the military judge abused that discretion, i.e., that the record shows a substantial basis in law or fact to question the plea."). Petitioner fails to provide any valid reasons for not seeking relief earlier by challenging his plea during his direct review under Article 66, UCMJ, 10 U.S.C. § 866.

*Conclusion*

Petitioner has not carried his burden to demonstrate that his case presents extraordinary circumstances warranting issuance of the writ of error coram nobis.

Accordingly, it is by the court on this 22 day of February 2016,

**ORDERED:**

That the petition for extraordinary relief in the nature of a writ of coram nobis is hereby **DENIED**.


FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

Misc. Dkt. No. 2016-03