# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

**Captain DAVID H. JUILLERAT,**
**United States Air Force**

**v.**

**UNITED STATES**

**Misc. Dkt. No. 2016-06**

**31 March 2016**

Sentence adjudged 17 May 2000 by GCM convened at MacDill Air Force Base, Florida. Military Judge: Harvey A. Kornstein.

Approved sentence: Dismissal, confinement for 22 months, and forfeiture of all pay and allowances.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

The pro se Petitioner filed a request with this court asking for clarification of the facts and law supporting his conviction for bigamy. "The label placed on a petition for extraordinary relief is of little significance." *Nkosi v. Lowe,* 38 M.J. 552, 553 (A.F.C.M.R. 1993). We treated it as a petition for writ of error coram nobis and denied the petition. *Jullierat v. United States*, Misc. Dkt. No. 2016-03 (A.F. Ct. Crim. App. 22 February 2016) (unpub op.)

That same day, Petitioner mailed this court a request seeking the appointment of appellate counsel, requesting oral argument (either in person or telephonic), and further challenging the legal and factual sufficiency of his conviction. We have elected to regard this as a new writ of error coram nobis. We again deny his petition for a writ of error coram nobis challenging his conviction. We are not convinced Petitioner is entitled to the appointment of appellate counsel. We decline to order oral argument.

*Procedural Background*

Petitioner was convicted, pursuant to his pleas, of four specifications for wrongfully possessing and using false identification documents with the intent to deceive, one specification for conduct unbecoming an officer, and six specifications for making false official statements and bigamy, in violation of Articles 107, 133, and 134, UCMJ, 10 U.S.C. §§ 907, 933, 934. His approved sentence included a dismissal, confinement for 22 months, and forfeiture of all pay and allowances. *United States v. Juillerat*, ACM 34205 (A.F. Ct. Crim. App. 16 October 2002) (unpub. op.). In his direct appeal, Petitioner raised nine issues for our consideration pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). He also petitioned this court for a new trial. We denied the petition for a new trial and affirmed the approved findings and sentence. *Juillerat*, unpub. op. at 2. Further review was denied by our superior court on 30 June 2003. *United States v. Juillerat*, 59 M.J. 32 (C.A.A.F. 2003).

*Background*

Petitioner signed a stipulation of fact admitting that the following information is true. Petitioner, at the time, was a Captain (Capt) in the United States Air Force. He was born David Howard Juillerat in New York in December 1958. In 1985, Petitioner married Ms. DJ in Missouri. In 1987, he entered the United States Air Force using the name David Howard Juillerat and the associated social security number, ***-**-6411. In 1987 he applied for a Florida driver's license with that name and renewed the license in 1998. In 1998, Capt Juillerat was an Intelligence Officer with the Air Intelligence Agency in San Antonio, Texas. He possessed a Top Secret security clearance. On his security clearance application he stated he had not used any other name. Petitioner admitted he knew this statement was false and made the false statement with the intent to deceive.

Petitioner also used the name David Howard Hoffman. Petitioner possessed an altered certificate of birth registration in this name with a date of birth in December 1963. The State of New York did not possess any birth records in this name on the date and location indicated by the altered form. Petitioner obtained a social security number for his Hoffman persona with a number ***-**-6589. He obtained a Florida driver's license and a Texas driver's license in his Hoffman name. He used the Texas driver's license and his altered birth record to obtain a United States Passport under the Hoffman name. In 1997, while using his Hoffman alias, he met Ms. CP, a Colombian native, through an online dating service. He used his Hoffman passport to travel to Colombia and married Ms. CP. He then completed numerous immigration documents using his Hoffman alias in order to obtain a visa for Ms. CP. He also created documents from a fake company to document the employment of his Hoffman persona.

*Discussion*

The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs. *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). "The writ of *coram nobis* is an ancient common-law remedy designed 'to correct errors of fact.'" *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)). Appellate military courts have jurisdiction over "*coram nobis* petitions to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect." *Id*. at 917. The writ of coram nobis is an extraordinary writ and an extraordinary remedy. *Id.* It should not be granted in the ordinary case; rather, it should be granted only under circumstances compelling such action to achieve justice. *Id.*; *Morgan*, 346 U.S. at 511; *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973).

Although a petitioner may file a writ of coram nobis at any time, to be entitled to the writ he must meet the following threshold requirements:

> (1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008), *aff'd and remanded*, 556 U.S. 904 (2009).

This court uses a two-tier approach to evaluate claims raised via a writ of coram nobis. First, the petitioner must meet the aforementioned threshold requirements for a writ of coram nobis. *Id.* If the petitioner meets the threshold requirements his claims are then evaluated under the standards applicable to his issues. *Id.* Evaluating Petitioner's case under the coram nobis threshold requirements, we find that he has failed to satisfy at least one threshold requirement, and the failure to meet any one alone warrants a denial of Petitioner's writ.

Petitioner is, at this point, challenging the sufficiency of his plea. *See United States v. Phillips*, 74 M.J. 20, 21–22 (C.A.A.F. 2015) ("The appellant bears the burden of establishing that the military judge abused that discretion, i.e., that the record shows a substantial basis in law or fact to question the plea.").

Petitioner challenged the legal and factual sufficiency of his conviction for false official statement in his initial Article 66, UCMJ, 10 U.S.C. § 866, appeal. He also challenged the providency of his plea.

Petitioner also filed a motion for a new trial. In that motion, Petitioner alleged that his first marriage to Ms. DJ was attempted but not valid due to a failure to follow state law. Petitioner also referred to his Hoffman name as his adopted name. He further alleged the military judge, convening authority, and various members of the court-martial should have been disqualified as they had each either used a false name after being married or married women who used a false name after the marriage in order to gain advantages.

Petitioner seeks to rehash these same legal issues in this writ and has even included a copy of the military judge's marriage certificate in his petition. Because Petitioner seeks to reevaluate previously considered legal issues, his writ fails to meet the threshold requirements. To the extent the writ raises new issues, Petitioner fails to provide any valid reasons for not seeking relief earlier by challenging his plea during his direct review under Article 66, UCMJ.

We briefly address Petitioner's request to have us appoint military counsel for his appeal. Appellate counsel may file writs with this court or with our superior court during their representation of a client seeking review under Articles 66 and 67, UCMJ, 10 U.S.C. § 866, 867. However, we find no requirement that the government appoint military counsel to represent a petitioner after review is final pursuant to Articles 71 and 76, UCMJ, 10 U.S.C. § 871, 876. *See Diaz v. JAG of the Navy*, 59 M.J. 34, 37 (C.A.A.F. 2003) ("An accused has the right to effective representation by counsel through the entire period of review following trial, including representation before the Court of Criminal Appeals and our Court by appellate counsel appointed under Article 70, UCMJ, 10 U.S.C. § 870 (2000)."). We deny Petitioner's writ to compel the appointment of military appellate defense counsel. Petitioner may hire civilian counsel at his own expense.

*Conclusion*

Petitioner has not carried his burden to demonstrate that his case presents extraordinary circumstances warranting issuance of the writ of error coram nobis because he fails to meet the threshold requirements.

We deny the motion for oral argument.

We deny the writ to compel the appointment of military appellate counsel.

Accordingly, it is by the court on this 31st day of March 2016,


**ORDERED:**

That the petition for extraordinary relief in the nature of a writ of coram nobis is hereby **DENIED**.


FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court