The STATE of Utah, Plaintiff and Respondent,

v.

Patrick D. JOHNSON, Defendant and Appellant.

No. 17722.

Supreme Court of Utah.

July 20, 1981.

David L. Wilkinson, Salt Lake City, for defendant and appellant.

F. John Hill, Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

After convictions for the crimes of burglary and uttering a forged prescription, defendant was sentenced on January 19, 1981, to terms in the Utah penitentiary. He alleges that within the statutory period for appeal he requested, and his retained counsel agreed, to file a notice of appeal, but counsel failed to do so. When he learned that counsel had not filed the notice, defendant contacted a lawyer with the Salt Lake Legal Defenders Association—still within the statutory period for appeal—to request that he file a notice of appeal, but through some misunderstanding this was not done. Defendant now moves this Court "for appropriate Orders which would allow the time for appeal to be extended" to allow him to file a notice of appeal and obtain direct review of his convictions. He has filed an affidavit of indigence.

■ The 30–day period for filing a notice of appeal in a criminal case, U.C.A., 1953, § 77–35–26(d) (Rule 26(d), Utah Rules of Criminal Procedure), is jurisdictional and cannot be enlarged by this Court. Out-of-time appeals must be dismissed. *State v. Boggess*, Utah, 601 P.2d 927 (1979). Defendant's motion to enlarge the time for appeal must therefore be denied.

Because the important interests involved in this case make further proceedings desirable, we deem it appropriate to comment further, for the guidance of the parties and the district courts, on the appropriate procedure to follow in a matter of this nature.

■ In all criminal prosecutions, an accused has a constitutional right to a timely appeal from his conviction. Utah Constitution, Art. I, § 12; *Weaver v. Kimball*, 59 Utah 72, 202 P. 9 (1921). And, if he is indigent, he has a constitutional right to the appointment of counsel to assist in that appeal. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Anders*

*v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). If the facts alleged by the defendant are true—that within the statutory period for appeal he requested counsel to take an appeal and counsel gave defendant reason to believe that he would but then failed to do so—defendant was denied a constitutional right and must be provided an opportunity to take a direct appeal from his conviction. His remedy to establish the denial of his right to appeal is not in this Court; it lies in the district court, which can receive evidence (including the taking of oral testimony, if necessary) and make findings of fact.

The appropriate remedy in a case such as this is a motion for relief under Utah Rules of Civil Procedure, Rule 65B(i), Postconviction Hearings, which in this case should be brought in the sentencing court. Sub-subsection (8) of this Rule authorizes the court, if it finds in favor of the complainant, to "enter an appropriate order with respect to the judgment or sentence in the former proceedings . . . as the court may deem just and proper in the case." The appropriateness of using the postconviction hearing to raise counsel's failure to notice a timely appeal, and the specific nature of the relief to be given, are evident from the authorities cited below.

The postconviction hearing procedure is a successor to the common-law writ of error coram nobis. This writ, which this Court declared to be available in Utah in appropriate cases, *Neal v. Beckstead*, 3 Utah 2d 403, 285 P.2d 129 (1955), was used by a sentencing court to modify or vacate a judgment of conviction on the basis of facts which, without defendant's fault, did not appear on the face of the record and as to which defendant was without other remedy. *State v. Gee*, 30 Utah 2d 148, 514 P.2d 809 (1973); *Sullivan v. Turner*, 22 Utah 2d 85, 448 P.2d 907 (1968). Thus, coram nobis could be used, in carefully limited circumstances, to modify or vacate a judgment where extra-record facts showed that the defendant had been deprived of his constitutional right to a fair trial, including the right to the assistance of counsel. 24 C.J.S. Criminal Law § 1606(2) and (13).

Several courts have applied the coram nobis remedy to open the door to an appeal on the merits in circumstances essentially identical to the present case. *People v. Callaway*, 24 N.Y.2d 127, 299 N.Y.S.2d 154, 247 N.E.2d 128 (1969); *Williams v. United States*, 402 F.2d 548 (8th Cir. 1968); *United States v. Smith*, 387 F.2d 268 (6th Cir. 1967). The remedy fashioned by these courts, which we adopt as available in appropriate circumstances under our own postconviction hearing procedure, U.R.C.P., Rule 65B(i), is explained in the following passage from the opinion of the New York Court of Appeals, *People v. Callaway, supra*, 299 N.Y.S.2d at 156, 247 N.E.2d at 130:

> The defendant herein is entitled to a hearing as to the truth of his allegations that his lawyer had led him to believe that an appeal would be taken and that he reasonably relied on that assurance. If it be found upon the hearing that he was induced, by reason of that representation, to allow his time to take an appeal to expire or that he was misled as to his right to appeal, he should—in accordance with the procedure we have adopted—be resentenced *nunc pro tunc*[1] upon the previous finding of guilt so as to afford him "an opportunity of prosecuting and perfecting an appeal, since the time for taking such appeal would date from the rendition of the new judgment."

For the reasons set out above, defendant's motion is denied and defendant is left to pursue his cause in the district court.

HALL, C. J., and STEWART and HOWE, JJ., concur.

MAUGHAN, J., heard the arguments, but died before the opinion was filed.

---

1. *Nunc pro tunc*, which means "now for then," is probably a misnomer for this circumstance, where the court is resentencing to give the judgment of conviction not retroactive but present effect—"then for now." Perhaps the action being authorized here should be termed *tunc pro nunc*. For those who find legal magic in Latin phrases, it is so ordered.