2003 UT App 4

**STATE of Utah, Plaintiff and Appellee,**

v.

**Troy REES, Defendant and Appellant.**

No. 20010490–CA.

Court of Appeals of Utah.

Jan. 9, 2003.

H. Don Sharp, Ogden, for Appellant.

Mark L. Shurtleff and Erin Riley, Assistant Attorney General, Salt Lake City, for Appellee.

Before JACKSON, P.J., BILLINGS, Associate Presiding Judge and THORNE, J.

## OPINION

THORNE, Judge:

¶1 Troy Rees appeals from the trial court's dismissal of his Petition for Extraordinary Relief. We reverse and remand.

¶2 Following our February 1, 2001 affirmance of Rees's criminal conviction for possession of marijuana with intent to distribute, *see State v. Rees*, 2001 UT App 27, 2001 WL 311418 (affirming Rees's conviction based in part upon Rees's failure to incorporate certain record information necessary to our proper review of his claim), Rees filed a motion to resentence and a petition for extraordinary relief with his sentencing court, under the original criminal case number. In his petition for extraordinary relief, Rees's attorney, who has represented Rees throughout his trial and appeal, essentially asserted that Rees had lost his opportunity for meaningful appellate review of the conviction due to ineffective assistance of counsel.[1] On May

1. While Rees's counsel failed to actually adopt this term, the thrust of the petition is found in paragraphs seven through ten, wherein Rees's counsel admits having failed to diligently super-

10, 2001, the trial court dismissed Rees's petition for extraordinary relief as focused solely on issues previously adjudicated by this court. Rees now appeals this dismissal.

## ISSUE AND STANDARD OF REVIEW

¶ 3 Rees's sole argument on appeal is that the trial court erred in dismissing his petition for extraordinary relief. We review the trial court's conclusions of law for correctness and its factual findings for plain error. *See Parsons v. Barnes*, 871 P.2d 516, 518 (Utah 1994).

## ANALYSIS

### I. Jurisdiction

¶ 4 In response to Rees's claim, the State argues that because Rees filed his petition for extraordinary relief as a motion before his sentencing court, and not as a separate civil action for post conviction relief under rule 65C of the Utah Rules of Civil Procedure, the trial court was never properly vested with jurisdiction. We disagree.

¶ 5 Generally, the State's position, that a post conviction petition for extraordinary relief must be filed in a separate civil action under rule 65C of the Utah Rules of Civil Procedure, would be correct. *See* Utah R. Civ. P. 65C(a)-(b). However, in certain, very limited circumstances, a post conviction petition for extraordinary relief is properly filed under rule 65B(b) and styled as a writ of error coram nobis. *See State v. Johnson*, 635 P.2d 36, 38 (Utah 1981) (acknowledging the availability of coram nobis relief under rule 65B(i), now rule 65B(b) of the Utah Rules of Civil Procedure);[2] *see also United States v. Morgan*, 346 U.S. 502, 505-06, 74 S.Ct. 247, 249-50, 98 L.Ed. 248 (1954) (discussing the writ of error coram nobis, its role, and the proper procedure for seeking the writ). Finally, when interpreting a docu-

ment submitted to the court, rather than being confined to the document's caption, we look to the substance of the document to determine its nature. *See Renn v. Utah State Bd. of Pardons*, 904 P.2d 677, 681 (Utah 1995) ("We will look to the substance of the action and the nature of the relief sought in determining the true nature of the extraordinary relief requested."); *Debry v. Fid. Nat. Title Ins. Co.*, 828 P.2d 520, 522 (Utah Ct.App.1992).

¶ 6 "The writ of error coram nobis is a writ used to correct fundamental errors which render a criminal proceeding irregular and invalid." *Cardall v. United States*, 599 F.Supp. 912, 914-15 (D.Utah 1984) (footnote omitted). Coram nobis is a step in a criminal case, *see Abel v. Tinsley*, 338 F.2d 514, 515 (10th Cir.1964), "and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." *Morgan*, 346 U.S. at 505 n. 4, 74 S.Ct. at 249 n. 4. Thus, a petitioner seeking relief through coram nobis should file the petition with the sentencing court. *See Johnson*, 635 P.2d at 38 ("The appropriate remedy in a case such as this is a motion for relief under Utah Rules of Civil Procedure, Rule 65B(i) [presently embodied in rule 65B(b)], Postconviction hearings, which in this case should be brought in the sentencing court."). Finally, under our interpretation of coram nobis, a defendant who has been convicted and has exhausted his normal avenues of appeal may, under the principles of coram nobis, only ask the sentencing court to modify or vacate a judgment. *See Johnson*, 635 P.2d at 38.

¶ 7 "Relief under the writ of error coram nobis is narrow and allowed 'only under circumstances compelling such action to achieve justice.'" *Cardall*, 599 F.Supp. at 915 (quoting *Morgan*, 346 U.S. at 511, 74

---

vise certain, possibly material, aspects of Rees's appeal.

**2.** While we are aware that rule 65C of the Utah Rules of Civil Procedure, dealing specifically with post conviction petitions for extraordinary relief, was enacted after *State v. Johnson*, 635 P.2d 36 (Utah 1981) was decided, this fact has no impact on our present decision. First, rule 65B(b) applies to post conviction petitions assert-

ing claims for wrongful restraint on personal liberty not governed by rule 65C. *See* Utah R. Civ. P. 65B(b)(1). Second, our supreme court, at least obliquely, reaffirmed its *Johnson* holding, and the survival of coram nobis type relief, in both *State v. Jiminez*, 938 P.2d 264, 265 (Utah 1997), and *State v. Hallett*, 856 P.2d 1060, 1062 n. 2 (Utah 1993).

S.Ct. at 252). However, " '[t]he present-day scope of coram nobis is broad enough to encompass not only errors of fact that affect the validity or regularity of legal proceedings, but in addition, legal errors of a constitutional or fundamental proportion.' " *Tillman v. United States*, 32 M.J. 962, 965 (A.C.M.R.1991) (quoting *United States v. Wickham*, 474 F.Supp. 113, 116 (C.D.Cal. 1979)). Included among the limited number of claims that may result in relief being granted through petitions rooted in coram nobis is ineffective assistance of appellate counsel. *See Johnson*, 635 P.2d at 37–38; *Tillman*, 32 M.J. at 966.

¶ 8 Here, while Rees's petition for extraordinary relief fails to articulate a clear or concise claim, our reading of the petition suggests that the petition is predicated on a claim of ineffective assistance of appellate counsel.[3] Moreover, the sole relief Rees requests in his petition is resentencing nunc-pro-tunc to permit him an opportunity to pursue a meaningful appeal. Thus, based merely on the face of the petition, we conclude that Rees's petition for extraordinary relief is best described as rooted in the ancient writ of error coram nobis, and therefore, the petition was properly filed with Rees's sentencing court.

## II. Dismissal

¶ 9 Rees argues that the trial court erred in dismissing his claim after concluding that it had been previously adjudicated by this court. We review a trial court's legal conclusions for correctness, and, absent a showing of clear error, we accept the trial court's findings of fact. *See Stewart v. State*, 830 P.2d 306, 309 (Utah Ct.App.1992).

¶ 10 In the instant case, Rees's petition, submitted to his sentencing court, essentially asserted that his appellate counsel was ineffective and that therefore he has been denied his right to the meaningful appeal of his conviction. After reviewing the petition, the trial court, in a short minute entry, dismissed Rees's petition as focusing solely on issues that had been previously adjudicated by this court. The trial court's conclusion is incorrect.

¶ 11 In his direct appeal, Rees presented three issues for our review, none of which focused on the effectiveness of his attorney at any level of the process. Moreover, in the memorandum decision addressing Rees's direct appeal, *see State v. Rees*, 2001 UT App 27, 2001 WL 311418, we did not address the issue of the effectiveness of Rees's appellate counsel. Because this issue has never been presented to this court, nor ruled upon by this court, the trial court's conclusion is incorrect as a matter of law. Therefore, we reverse the trial court's decision to dismiss Rees's petition and remand this case for further consideration.

¶ 12 Because Rees's petition presents a rarely encountered situation—a request for extraordinary relief patterned after the writ of error coram nobis—we clarify the standard under which the trial court should review the petition on remand.

¶ 13 A writ of error coram nobis is not a substitute for a direct appeal. *See Tillman*, 32 M.J. at 965. Rather, coram nobis is available in "limited circumstances, to modify or vacate a judgment where extra-record facts show[ ] that the defendant ha[s] been deprived of his constitutional right to a fair trial [or meaningful appeal]." *Johnson*, 635 P.2d at 38. Due to the rarity of petitions styled after the writ of error coram nobis in Utah, we have yet to articulate a clear standard under which trial courts should review these petitions. Therefore, we have examined the approach adopted by courts outside of Utah for assistance and conclude that the standard articulated by the Ninth Circuit Court of Appeals is best suited to our purposes.

---

**3.** We find it concerning that counsel representing Rees in this matter, and arguing that Rees's appellate counsel was ineffective, is the same attorney who represented Rees throughout his criminal trial and appeal. However, because our rules only restrict such behavior on appeal, *see State v. Garrett*, 849 P.2d 578, 580 n. 3 (Utah Ct.App.1993), we cannot dismiss Rees's claim on this basis. However, we urge both Rees and his counsel to review rule 1.7(b) of the Utah Rules of Professional Conduct concerning the conflict of interest implicated in allowing counsel to argue his own ineffectiveness.

¶ 14 In *Hirabayashi v. United States*, 828 F.2d 591 (9th Cir.1987), after setting forth a detailed account of facts concerning the internment of people of Japanese ancestry during World War II—facts central to the petitioner's claim—the Ninth Circuit Court of Appeals addressed the nature of coram nobis petitions and established a four-part test that a petitioner must satisfy before coram nobis type relief can be granted. *See id.* at 594–98. These factors include a showing by the petitioner that (1) an error was made during the proceedings that was unknown to the petitioner at the time; (2) a more traditional avenue of relief is not available to the petitioner; (3) valid reasons exist for the failure to attack the error in a previous proceeding; and "(4) the error was of such a fundamental nature as to render the proceedings irregular and invalid." *Tillman,* 32 M.J. at 965 (citing *Hirabayashi,* 828 F.2d at 604); *see also Hale v. United States,* No. 99–07, 1999 WL 1087020, *2, 1999 CCA LEXIS 303, at *6 (A.F.Ct.Crim.App. Nov. 9, 1999). In addition to these factors, we would add that the petitioner must also satisfy the requirements set forth in rule 65B and establish that the claim has neither been previously adjudicated, nor is it frivolous on its face. *See* Utah R. Civ. P. 65B(b)(5).

¶ 15 Thus, to succeed in his petition in the trial court, Rees must first make a threshold showing that his petition contains issues that have not been adjudicated previously and presents issues that are not frivolous on their face. The trial court must then determine whether (1) an error was made during Rees's appeal that was unknown to him; (2) no more traditional avenue of relief is available

to Rees; (3) valid reasons exist for Rees's failure to attack the error in a previous proceeding; and "(4) the error was of such a fundamental nature as to render the proceedings irregular and invalid." *Tillman,* 32 M.J. at 965 (citing *Hirabayashi,* 828 F.2d at 604). If the trial court finds that Rees is able to satisfy each of these requirements, the court must then grant Rees's petition and reenter his sentence nunc-pro-tunc.

## CONCLUSION

¶ 16 Rees's petition for extraordinary relief is properly filed under rule 65B(b), the successor rule to the writ of error coram nobis. Therefore, the court responsible for imposing sentence on Rees for his underlying conviction is vested with jurisdiction over Rees's petition. Moreover, Rees's claim, that he has been denied his right to a meaningful appeal because of the ineffective assistance of his appellate counsel, was not the subject of any prior adjudication in this court; thus, the trial court erred in dismissing Rees's petition on that basis. Finally, should Rees prevail, the trial court's authority is limited to merely resentencing Rees nunc-pro-tunc.

¶ 17 WE CONCUR: NORMAN H. JACKSON, Presiding Judge and JUDITH M. BILLINGS, Associate Presiding Judge.