2005 UT 69

**STATE of Utah, Plaintiff and Petitioner,**

**v.**

**Troy REES, Defendant and Respondent.**

**No. 20030208.**

Supreme Court of Utah.

Nov. 4, 2005.

Mark L. Shurtleff, Att'y Gen., Erin Riley, Asst. Att'y Gen., Salt Lake City, for plaintiff.

H. Don Sharp, Ogden, for defendant.

NEHRING, Justice:

¶ 1 We granted certiorari to review the procedure and remedy selected by the court of appeals to provide a defendant who

claimed that he had been denied a meaningful appeal due to the ineffectiveness of his counsel. We hold that the post-conviction procedure and remedy extended to Mr. Rees by the court of appeals were not available to him and therefore reverse.

## BACKGROUND

¶ 2 Troy Rees was convicted of possession of marijuana with intent to distribute. He appealed to the court of appeals, challenging the trial court's ruling on his motion to suppress evidence together with his conviction. The court of appeals affirmed Mr. Rees's conviction on three grounds. First, the court stated that the record before it was incomplete because it was missing the preliminary hearing transcript, the suppression hearing transcript, and the affidavit in support of the search warrant. Because the issues presented were "highly fact sensitive," the court of appeals concluded that a complete record was "essential." The court of appeals affirmed Mr. Rees's conviction, relying on the principle that "[i]n the absence of an adequate record on appeal, cannot address the issues raised and we presume the correctness of the disposition made by the trial court." *State v. Rawlings*, 829 P.2d 150, 152–53 (Utah Ct.App.1992).

¶ 3 The court of appeals further determined that Mr. Rees failed to adequately marshal the evidence in support of the trial court's finding that he possessed marijuana with intent to distribute. Owing to this insufficiency, the court of appeals affirmed this finding. Finally, the court of appeals ruled that Mr. Rees failed to provide an adequate record to support his contention that the trial court erred when it allowed the State to refile its information after dismissing the case against Mr. Rees without prejudice when witnesses for the State failed to appear at two preliminary hearings. The court of appeals again presumed the correctness of the trial court's ruling in absence of an adequate record to the contrary. *State v. Rees*, 2001 UT App 27U, 2001 WL 311418 ("*Rees I* ").

¶ 4 After receiving the court of appeals' decision, Mr. Rees's counsel contacted the court clerk to find out what had happened to the missing portions of the record. The court clerk discovered that although Mr. Rees's counsel had in fact requested all the relevant proceedings, the missing transcripts had been placed on a different shelf than the rest of the record and had not been filed with the court of appeals.

¶ 5 After learning of this mistake, Mr. Rees, through the same counsel who had represented him throughout the trial and appeal, filed a petition for post-conviction relief with the trial court under rule 65B(b) of the Utah Rules of Civil Procedure. In his petition, Mr. Rees asked that his sentence be reentered so that he could refile his appeal. Mr. Rees did not articulate a clear reason why he believed to be entitled to this relief, but rather indicated generally that he did not receive a meaningful appeal because some of the records had not been filed with the court of appeals. In his petition, he suggested, without explicitly stating it, that his attorney had been ineffective in supervising aspects of Mr. Rees's appeal. The trial court dismissed Mr. Rees's petition and imposed the original sentence, finding that the case had already been adjudicated in the court of appeals.

¶ 6 Mr. Rees appealed this dismissal to the court of appeals. The court of appeals reversed the trial court's dismissal of Mr. Rees's petition, and remanded the matter for further consideration. In its opinion, the court of appeals treated Mr. Rees's petition as a writ of error coram nobis [1] predicated on a claim for relief based on ineffective assistance of counsel. *State v. Rees*, 2003 UT App 4, ¶ 8, 63 P.3d 120 ("*Rees II* "). The

---

1. "Coram nobis" is a Latin term meaning "the error before us." A writ of error coram nobis is an ancient common law writ that exists to "correct fundamental errors which render a criminal proceeding irregular and invalid." *Cardall v. United States*, 599 F.Supp. 912, 914–15 (D.Utah 1984). We have held that the writ of error coram nobis can be "used by a sentencing court to modify or vacate a judgment of conviction on the basis of the facts which, without defendant's fault, did not appear on the face of the record and as to which the defendant was without other remedy." *State v. Johnson*, 635 P.2d 36, 38 (Utah 1981), *superseded by Manning v. State*, 2005 UT 61, 122 P.3d 628.

court of appeals determined that because Mr. Rees had not yet had the opportunity to argue his ineffective assistance of counsel claim, he was entitled to post-conviction relief in the trial court. The court of appeals remanded the case, instructing the trial court to determine whether Mr. Rees was entitled to coram nobis relief and to "grant [his] petition and reenter his sentence nunc-pro-tunc" if he prevailed. *Id.* ¶ 15.

¶ 7 The State petitioned this court for a writ of certiorari. We granted the State's request for certiorari review to take up the questions of whether the court of appeals erred in (1) treating the petition as a writ of error coram nobis; (2) reversing the trial court's dismissal of the petition for extraordinary relief; and (3) inviting the trial court to reenter Mr. Rees's sentence nunc pro tunc, should it find that the defendant was deprived of his constitutional right to a meaningful appeal because of his reliance on ineffective counsel.

■ ¶ 8 On certiorari, we review the decision of the court of appeals, not that of the trial court, giving no deference to the court of appeals' conclusions of law. *State v. Geukgeuzian,* 2004 UT 16, ¶ 7, 86 P.3d 742. We reverse on these issues.

## ANALYSIS

¶ 9 We confront here the question of whether the writ of error coram nobis is available to provide a remedy to a defendant who claims that his appeal was defectively prosecuted because his appellate counsel was ineffective. The court of appeals held that it was and remanded the matter to the trial court for the purpose of ascertaining whether Mr. Rees was denied his right to appeal because of his counsel's ineffectiveness. If the trial court found for Mr. Rees on his ineffective assistance claim, the court of appeals instructed it to resentence Mr. Rees nunc pro tunc.

¶ 10 In reaching this result, the court of appeals rejected the State's contention that if Mr. Rees was entitled to relief, he must pursue it under the provisions of Utah's Post–Conviction Remedies Act, Utah Code Ann. § 78–35a–102 (Supp.2004) ("PCRA"),

and rule 65C of the Utah Rules of Civil Procedure, which sets out the procedures that complement the substantive provisions of the PCRA.

¶ 11 The court of appeals justified fashioning coram nobis relief for Mr. Rees by linking it to the procedure grounded in the writ that we announced in *State v. Johnson,* 635 P.2d 36 (Utah 1981). The court of appeals was drawn to *Johnson* because *Johnson* provided defendants who have been denied a right to appeal a mechanism to revive their right. Under the *Johnson* procedure, an eligible defendant could seek resentencing in the trial court nunc pro tunc. This procedure would entitle a defendant to the benefit of appointed counsel, and, were it determined that he had been denied his constitutionally guaranteed right of appeal, a recommencement of the thirty-day period to file his notice of appeal. By making this connection, the court of appeals suggested that the circumstances surrounding its affirmance of the trial court in his prior appeal, circumstances that possibly amounted to a denial of his "right to a meaningful appeal," *Rees II,* 2003 UT App 4, ¶ 16, 63 P.3d 120 ("*Rees II*"), constituted the legal equivalent of the denial of his right to appeal that led us to create the *Johnson* remedy. The validity of the court of appeals' belief that these two situations were factually and legally comparable is the inquiry upon which our holding hinges.

¶ 12 The court of appeals went on to reason that the enactment after *Johnson* of rule 65C of the Utah Rules of Civil Procedure governing petitions for extraordinary relief did not erode the utility of *Johnson's* coram nobis based procedure because we had "at least obliquely" reaffirmed the coram nobis relief it announced. *Id.* ¶ 5 n. 2.

¶ 13 Regardless of whether we professed our prior allegiance to *Johnson* directly or obliquely, we unequivocally discarded the *Johnson* procedure in *Manning v. State,* 2005 UT 61, 122 P.3d 628. In its place, we erected a sturdier, less contrived framework for a defendant who has been unconstitutionally denied his right to appeal to refresh his opportunity to perfect his appeal. We noted in *Manning* that we could not simply do

away with the *Johnson* remedy because were we to do so we would have "no remedy currently in place under the PCRA or our rules of appellate procedure for reinstating an unconstitutionally denied criminal appeal." *Id.* ¶ 27.

¶ 14 Of course, an indication that no remedy exists in statute or rule to make real the promise afforded by a constitutional right gives rise to questions of what tool should be deployed to protect that right. Although formally abolished by rule in 1977,[2] extraordinary writs embody the procedure traditionally used to protect such a right. In *Manning* we filled the void created by the demise of the *Johnson* post-conviction hearing procedure with a procedure crafted in no small measure of parts taken from the writ of error coram nobis, most prominently its guarantee of appointed counsel. *Id.* ¶ 16. Although not styled as an extraordinary writ, the *Manning* procedure accomplishes the same objective.

¶ 15 One way, then, to ascertain whether some fashion of coram nobis relief was due Mr. Rees even after our rejection of the *Johnson* post-conviction procedure is to explore whether Mr. Rees had no other remedy available to him. The answer to this question turns on whether an affirmance of conviction attributable to the ineffective assistance of counsel may constitute a denial of the right to appeal. We conclude that it does not. We will explain how we reach this conclusion shortly, but we first state why it matters.

■ ¶ 16 If the PCRA provides Mr. Rees an adequate remedy at law, he is not entitled to secure extraordinary relief but must instead pursue his PCRA remedy. PCRA section 78–35a–102(1) provides that the PCRA "establishes a substantive legal remedy for any person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies, including a direct appeal," subject to certain exceptions not germane to this case. The PCRA, then, preempts access to other forms of extraordinary relief, including the remedy afforded by coram nobis, by defendants who satisfy the

conditions of section 78–35a–102(1). Mr. Rees is such a defendant and therefore must seek his remedy under the PCRA.

¶ 17 We surmised in *Manning* that "a defendant who simply fails to file an appeal within the time limits required by rule 4(a) of the Utah Rules of Appellate Procedure would reasonably be considered to have exhausted any remedies he might have obtained thereby for purposes of the PCRA." *Manning,* 2005 UT 61, ¶ 24. These defendants have not been denied their right to appeal, but have rather been deemed to have waived it. A different legal status attaches to them than to those defendants who have been unconstitutionally denied their right to appeal. We have interpreted a "denial" to have constitutional implications when a defendant has "been prevented in some meaningful way from proceeding with [his] appeal[ ]." *Id.*

¶ 18 We construe the act of "proceeding" with an appeal to encompass filing a notice of appeal, not more. Defendants who gain entry to appellate courts and have their appeals concluded either by a ruling on the merits or involuntary dismissal have exhausted their remedy of direct appeal and are thereby drawn into the ambit of the PCRA.

¶ 19 We find it telling that the court of appeals described the claim for which it found coram nobis relief appropriate the denial of Mr. Rees's "right to a *meaningful appeal* because of the ineffective assistance of his appellate counsel." *Rees II,* 2003 UT App 4, ¶ 16, 63 P.3d 120 (emphasis added). This characterization of the circumstances that would merit the intercession of coram nobis is substantially different than our description of the essence of an unconstitutional denial of the right to appeal. Both employ the word "meaningful." As we used the term in *Manning,* "meaningful" modifies the type of conduct or circumstance that deprived a defendant of access to the appellate process. As used by the court of appeals here, "meaningful" modifies "appeal" and strongly indicates that coram nobis is available to provide an additional direct appeal to

---

2. The 1977 version of rule 65B abolished pleading "special forms of writs" and replaced them with "action under these Rules." Utah R. Civ. P. 65B(a) (1977) (amended by 65B(b)(1) (1992)).

a defendant whose appeal has resulted in an unfavorable outcome that can be traced to the ineffective assistance of appellate counsel. This interpretation creates a scenario that plausibly could be claimed in every unsuccessful post-conviction appeal and carry with it the prospect of having the seldom-used writ of coram nobis swallow the PCRA.

## CONCLUSION

¶ 20 Based on the foregoing, we hold that Mr. Rees's claim does not implicate an unconstitutional denial of his right to appeal and that despite the unfavorable outcome of his appeal, he has exhausted his right to appeal and is therefore required to prosecute his claim of ineffective assistance of counsel under the PCRA and rule 65C.

¶ 21 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice PARRISH concur in Justice NEHRING'S opinion.