**2013 UT App 47**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

MARK STEVEN SCOTT,

*Defendant and Appellant.*

Per Curiam Decision
No. 20130035-CA
Filed February 22, 2013

First District, Logan Department
The Honorable Kevin K. Allen
No. 071100163

Mark Steven Scott, Appellant Pro Se
John E. Swallow and Marian Decker, Attorneys for Appellee

Before JUDGES DAVIS, VOROS, and CHRISTIANSEN.

PER CURIAM:

¶1      Defendant Mark Steven Scott appeals the denial of a motion to reinstate the time to file a direct appeal under *Manning v. State*, 2005 UT 61, 122 P.3d 628. This case is before the court on a sua sponte motion for summary disposition. We affirm.

¶2      In *Manning,* the Utah Supreme Court created a procedure to restore the right of direct appeal to defendants who were unconstitutionally denied the right to appeal through no fault of their own. However, Scott pursued a direct appeal to a decision on the merits

that resulted in an affirmance of his convictions. *See State v. Scott*, 2009 UT App 367U (mem.). We concluded that Scott had "neither adequately briefed his arguments nor properly marshaled the evidence to support his position." *Id*. para. 7. We also concluded that even if Scott had made sufficient arguments, he had "not shown that the witnesses' statements were inherently improbable, or that the evidence presented was insufficient to support the jury's verdict." *Id*. Under these circumstances, Scott was not deprived of his constitutional right to direct appeal. Scott subsequently filed a *Manning* motion claiming that he was denied his right to appeal because his appellate counsel was ineffective both in briefing his direct appeal and in failing to file a petition for writ of certiorari by the Utah Supreme Court.

¶3　*State v. Rees*, 2005 UT 69, 125 P.3d 874, is dispositive of this appeal. In *Rees*, the Utah Supreme Court reversed our decision remanding a case to the district court to ascertain whether a defendant was denied a right of appeal due to appellate counsel's ineffectiveness and directing the district court to resentence the defendant if the district court determined that appellate counsel was ineffective. *See id*. ¶¶ 6, 9. The supreme court reversed, stating that "[d]efendants who gain entry to appellate courts and have their appeals concluded either by a ruling on the merits or involuntary dismissal have exhausted their remedy of direct appeal and are thereby drawn into the ambit of the [Post-Conviction Remedies Act (PCRA)]." *Id*. ¶ 18. Accordingly, the supreme court held that the claim that appellate counsel was ineffective did "not implicate an unconstitutional denial of [the] right to appeal and that despite the unfavorable outcome of his appeal, [the defendant] has exhausted his right to appeal and is therefore required to prosecute [the] claim of ineffectiveness of counsel under the PCRA and rule 65C [of the Utah Rules of Civil Procedure]." *Id*. ¶ 20.

¶4　We conclude that Scott's claim that he is entitled to reinstatement of the time to petition the Utah Supreme Court for certiorari also does not have merit. Because this claim also asserts that

appellate counsel was ineffective in the completed direct appeal, it stands on no different footing than Scott's other claims and can only be asserted in a petition filed under the PCRA and rule 65C of the Utah Rules of Civil Procedure. *See id.*

¶5     Affirmed.

―――――――