Justice PARRISH,
lopinion of the Court in part:
INTRODUCTION
T 1 Sergio Meza appeals the district court's dismissal of his petition under the Post-Conviction Remedies Act (PCRA) seeking to withdraw his plea held in abeyance. In the alternative, Mr. Meza invites us to invoke our extraordinary writ authority to fashion a remedy allowing him to withdraw his plea.
T2 We hold that the PCRA does not apply to a successfully completed plea in abeyance and therefore affirm the district court's dismissal of his PCRA petition. We decline Mr. Meza's request that we exercise our constitutional power to fashion an alternate remedy because he has another adequate remedy. Specifically, rule 60(b)(6) of our rules of civil procedure provides a vehicle for Mr. Meza to challenge his plea. He may accordingly seek to withdraw his plea under that rule by filing a motion in the justice court where the plea was entered.
BACKGROUND
T 3 While represented by counsel, and pursuant to a plea-in-abeyance agreement, Mr. Meza pled no contest to charges of possession and use of a controlled substance and possession of drug paraphernalia. After Mr. Meza successfully complied with the terms of the agreement, the justice court withdrew his plea of no contest and dismissed the two drug charges.
14 Mr. Meza subsequently filed an action under the PCRA seeking to withdraw his, plea in abeyance, Mr. Meza argues that his attorney provided ineffective assistance by advising him that the "abeyance plea carried no immigration consequences," when that is. not the case.[1] The State filed a motion to dismiss, arguing that the district court could not consider Mr., Meza's PCRA claim because the only relief available under the PCRA is to set aside a conviction and the justice court had not entered a conviction against Mr. Meza, Mr. Meza responded that a plea in abeyance is a conviction under the PCRA. In the alternative, he asserted that the district court's constitutional authority allowed it to fashion a mechanism to allow him to challenge his plea.
15 The district court granted the State's motion to dismiss, concluding that the Legislature "did not intend a plea in abeyance to function as either a judgment or a convietion." The district court did not address Mr. Meza's argument that it had constitutional authority to fashion a mechanism to allow *594 him to challenge his plea. Mr. Meza appealed the dismissal of his action to the court of appeals, which certified his appeal to us. We have jurisdiction pursuant to section 78A-3-102(3)(b) of the Utah Code. .
STANDARD OF REVIEW
¶ 6 “We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court’s conclusions of law.” Winward v. State, 2012 UT 85, ¶ 6, 293 P.3d 259 (internal quotation marks omitted). “The question of whether to grant a petition for extraordinary relief lies within the sound discretion of this court.” Snow, Christensen & Martineau v. Lindberg, 2013 UT 15, ¶ 22, 299 P.3d 1058.
ANALYSIS
1. THE DISTRICT COURT PROPERLY DENIED MR. MEZA’S PCRA CLAIM
¶ 7 Mr. Meza argues that the district court erred in dismissing his PCRA claim because it was properly brought under the PCRA.[2] Specifically, Mr. Meza asserts that the PCRA provides a remedy for any person who challenges either a conviction or a sentence and that his plea in abeyance constitutes a conviction falling within the scope of the PCRA. The State challenges both of these points, arguing that entitlement to relief under the PCRA requires both a conviction and a sentence and that Mr. Meza was neither convicted nor sentenced because the charges against him were dismissed once he successfully complied with the terms .of his plea-in-abeyance agreement.
¶ 8 We agree with the State. The PCRA provides a post-conviction remedy to persons who have been both convicted and sentenced for a crime. But under the plea-in-abeyance statute, no judgment of conviction is entered pending completion of a plea-in-abeyance agreement. Accordingly, Mr. Meza is not entitled to relief under the PCRA.

A Both a Conviction and a Sentence Are Prerequisites to Relief Under the PCRA

¶ 9 Mr. Meza argues that a petitioner may be entitled to relief under the PCRA if he has either a conviction or a sentence. In so arguing, Mr. Meza relies on several provisions in the PCRA that reference a conviction or sentence and points to federal court decisions treating a plea in abeyance as a sentence or a conviction. See, e.g., United States v. Gofman, 312 F.3d 1159, 1165-67 (10th Cir.2002) (“Mr. Gorman’s plea in abeyance was both an adjudication of guilt and a conviction.”). In response, the State acknowledges that the PCRA allows a petitioner to obtain relief from either a conviction or a sentence, but argues that the petitioner must be both convicted and sentenced before he is entitled to relief. We agree with the State and hold that the PCRA requires a petitioner to be both convicted and sentenced before he is entitled to relief under the act.
¶ 10 When faced with a question of statutory interpretation, “our primary goal is to effectuate the intent of the Legislature.” LeBeau v. State, 2014 UT 39, ¶ 20, 337 P.3d 254. “The best evidence of the Legislature’s intent is the statute’s plain language.” Id. “[W]e read the plain language of the statute as a whole, and interpret its provisions in harmony with other statutes in the same chapter and related chapters.” Id. (internal quotation marks omitted).
¶ 11 The PCRA provides that “a person who has been convicted and sentenced for a criminal offense may file an action ... for post-conviction relief.” Utah Code § 78B-9-104(1) (emphasis added). The meaning of “and” in this context is clear—both a convic *595 tion and a sentence are required before a petitioner may obtain PCRA relief. In arguing to the contrary, Mr. Meza relies on see-tions 78B-9-102(1) and 78B-9-104(1), which reference conviction and sentence in the disjunctive. But these sections speak not to the prerequisites for PCRA relief, but to the types of relief available. For example, seetion 102(1) explains that the PCRA is "the sole remedy for any person who challenges a conviction or sentence." And section 104(1) enumerates the grounds "to vacate or modify the conviction or sentence." While these provisions specify a petitioner's remedy for a challenged conviction or sentence, they do not dictate the conditions that a petitioner must satisfy before he is entitled to relief.
112 We are bound by the statute's plain meaning and must give effect to its requirements. Accordingly, we hold that the PCRA requires that a petitioner be both convicted and sentenced before he is entitled to relief, even though the petitioner may choose to challenge only the conviction or the sentence.
118 Having concluded that both a convietion and a sentence are required before a petitioner is entitled to any relief under the PCRA, we next address whether Mr. Meza was convicted under the PCRA.
B. Mr. Meza's Plea in Abeyonce Was Not a Conviction
114 The State argues that pleas in abeyance do not qualify as convictions for purposes of the PCRA. Mr. Meza relies on federal cases construing pleas in abeyance as convictions in arguing that a plea of guilty or no contest is considered a conviction. He also points to other Utah statutes that construe a plea of guilty or no contest as a conviction. Considering the plain language of the plea-in-abeyance statute, we do not find these sources persuasive. Except in those cases where a statute specifically provides otherwise, a successfully completed plea in abeyance is not a conviction and cannot be treated as such.
15 The plea-in-abeyance statute defines a plea in abeyance as "an order by a court, ... accepting a plea of guilty or of no contest from the defendant" Id. § T7-2a-1(1). A court may hold a plea in abeyance "[alt any time after acceptance of a plea of guilty or no contest but prior to entry of judgment of conviction and imposition of sentence." Id. § Ti-2a2-2(1). While the plea is held in abeyance, the court will "not enter judgment of conviction against the defendant nor impose sentence upon the defendant." Id. And if a defendant successfully completes the conditions of the plea-in-abeyance agreement, the court may either "reduce the degree of the offense and enter judgment of conviction and impose sentence for a lower degree of offense[ ] or ... allow withdrawal of a defendant's plea and order the dismissal of the case." Id. § Ti-22-30@).
116 In Mr. Meza's case, the justice court withdrew his plea and dismissed the case against him. Mr. Meza's plea in abeyance was held "prior to entry of judgment of conviction and imposition of sentence." Id. § Ti-2a-2(1). And upon completion of Mr. Meza's plea-in-abeyance agreement, the court "allowled] withdrawal of [his] plea and order[ed] the dismissal of the case." Id. § 7i-22-8(@2)(b), Thus, no judgment of conviction was ever entered against Mr. Meza.
117 In light of the plain language of the plea-in-abeyance statute, we are not persuaded by Mr. Meza's references to other Utah statutes in which a plea in abeyance is considered a conviction. The plea-in-abeyance statute states the general rule that a suceess-fully completed plea in abeyance is not a conviction. The statutes on which Mr. Meza relies are explicit exceptions to the general rule that simply have no application to the cireumstances presented here. For example, the Cohabitant Abuse Procedures Act provides that "a plea of guilty or no contest to any domestic violence offense in Utah, which plea is held in abeyancel,] ... is the equivalent of a conviction, even if the charge has been subsequently reduced 'or dismissed." Id. § 7i-836-1.2(2). And in the Crime Vie tims Restitution Act, a conviction includes "(a) judgment of guilt; (b) a plea of guilty; or (c) a plea of no contest." Id. § Ti-882-102(1). And a plea in abeyance is either a "plea of guilty or of no contest." . Id. § 77-88a-102(9). But neither of these exceptions *596 is applicable here.[3]
{18 We presumé the Legislature uses each word advisedly. Had the Legislature intended a plea in abeyance to constitute a conviction in all cireamstances, it would have so provided in the statute authorizing such pleas. But it did not. Rather, the statute provides to the contrary, And those statutes that do treat a plea in abeyance as a conviction do so only in explicitly defined contexts. For us to consider a plea in abeyance as a conviction in all cases would render the varying definitions created by the Legislature superfluous, which we will not do. 'We therefore hold that a successfully completed plea in abeyance resulting in dismissal of the original charges is not a conviction. Because Mr. Meza was never convicted, he does not qualify for relief under the PCRA.[4] We therefore affirm the district court's dismissal of his PCRA action.
II, A RULE 60(b)(6) MOTION IS AN ADEQUATE REMEDY TO CHALLENGE A SUCCESSFULLY COMPLETED PLEA IN ABEYANCE FOR INEFFECTIVE ASSISTANCE OF COUNSEL
{19 While a Utah plea in abeyance is not considered a conviction for certain purposes under the PCRA, it is considered a conviction under certain federal laws.[5] Accordingly, Mr. Meza's plea in abeyance may have consequences for his immigration status. "Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent. counsel." - Padilla v. Kentucky, 559 U.S. 356, 364, 130 S.Ct. 1473, 176 LEd.2d 284 (2010) (internal quotation marks omitted). And effective assistance requires "that counsel must inform her client whether his plea carries a risk of deportation." Id. at 374, 130 S.Ct. 1473. But, as previously discussed, the PCRA does not provide a mechanism for challenging alleged ineffective assistance of counsel that leads to the entry of a plea in abeyance.[6] Mr. Meza argues that we retain common-law authority to create an exception to the PCRA in order to grant him a mechanism to challenge his plea. Effectively, Mr. Meza is asking us to interpret the PCRA in such a way that it provides him a remedy. ' We need not consider Mr, Meza's request because he has another adequate remedy. There is therefore no need for the "common-law exception" he suggests.
{20 In arguing that we should create an exception to the PCRA to provide him a remedy for his counsel's ineffective assistance, Mr, Meza relies on our constitutional authority to issue extraordinary writs. We agree with Mr. Meza that our constitutional authority to issue extraordinary writs gives us the authority to remedy ineffective assistance of counsel.[7] However, we need not *597 exercise that constitutional authority because Mr. Meza has an adequate remedy under existing law.[8]
121 Associate Chief Justice Lee's concurrence contends that Mr. Meza never asked us to invoke our extraordinary writ power, arguing that, at most, we have been asked to use our constitutional power to entertain his PCRA petition. This is not how we understand Mr. Meza's argument. Mr. Meza repeatedly argued that "where there is no remedy under the PCRA," we "retain inherent constitutional authority to create common-law exeeptions to the PCRA." It is true that Mr. Meza did not file a separate formal rule 65B petition for an extraordinary writ. But the entire crux of his argument to this court was based on our authority to issue extraordinary writs and both parties dedicated extensive discussion to this issue in their briefs and at oral argument. Because the PCRA does not apply at all to Mr. Meza's situation, it does not provide Mr. Meza a mechanism to challenge his alleged constitutional violation. Yet we have previously recognized that a remedy must exist "in statute or rule to make real the promise afforded by a constitutional right." State v. Rees, 2005 UT 69, ¶ 14, 125 P.3d 874; see also Manning v. State, 2005 UT 61, ¶¶ 26-27, 31, 122 P.3d 628 (creating an extraordinary remedy when no remedy existed under PCRA). Thus, a remedy must exist for a violation of a' eriminal defendant's right to effective assistance of counsel, ,
122 Accordingly, we interpret Mr. Meza's argument as inviting us to invoke our extraordinary writ authority to fashion a remedy in the wake of an unremedied constitutional deficiency. We "have original jurisdiction to issue all extraordinary writs." Uran Const. art. VIII, § 8. But we will issue an extraordinary writ only when "no 'other plain, speedyl,] and adequate remedy is available" Utar R. Civ. P. 65B(a). In this case, extraordinary relief is not available because Mr. Meza has another remedy available for challenging his plea in abeyance. That remedy is a motion under rule 60(b)(6) of our rules of civil procedure." [9]
[23 Rule 60(b) allows a court to "set aside a final judgment for reasons such as mistake, newly discovered evidence, or fraud."[10] Ho *598 nie v. State, 2014 UT 19, ¶ 87, 342 P.3d 182. Rule 60(b) also contains a catch-all provision, subsection (6), which allows a party to seek relief for "any other reason justifying relief from the operation of the judgment." UTtax R. Civ. P. 60(b)(6). Rule 60(b)(6) motions are unavailable if the grounds for relief fall within subsections (1) through (5). See Laub v. S. Cent. Utah Tel, Ass'n, 657 P.2d 1304, 1306-07 (Utah 1982). And a rule 60(b)(8) motion may not be brought "in an attempt to evade the PCRA." Kell v. State, 2012 UT 25, ¶ 24, 285 P.3d 1133. But this case involves neither of these cireumstances. Mr. Meza's claim does not qualify for relief under subsections (1)-(5), and since the PCRA does not apply to Mr. Meza, a motion under subseetion (6) does not constitute an attempt to evade the substantive provisions of the PCRA.
24 To begin, Mr. Meza does not qualify for relief under subsections (1)-(5) of rule 60(b). These subsections allow a party to seek relief from a judgment in the event of (1) mistake or similar excuse; ' (2) newly discovered evidence; (8) fraud; (4) voidness; or (5) satisfaction, release, or discharge,. None of these provisions even arguably apply here.
25 Mr. Meza is also not seeking relief "in an attempt to evade the PCRA." Kell 2012 UT 25, ¶ 24, 285 P.3d 1133; The PCRA provides that it "establishes the sole remedy for any person who challenges a conviction or sentence for a criminal offense[,].... re-placfing] all prior remedies for review, including extraordinary or common law writs." Urah Cope $ T8B-9-102(1). For this reason, we have generally not allowed rule 60(b)(6) motions in contexts where they would allow a movant to thwart the substantive or procedural requirements of the PCRA. See Archuleta v. Galetka, 2011 UT 73, ¶ 168, 267 P.3d 232. However, as explained above, the PCRA has no application to Mr. Meza inasmuch as he does not satisfy the substantive qualifications for PCRA relief. Because the PCRA's "sole remedy" provision is inapplicable here, a rule 60(b)(6) motion would not constitute an attempt to bypass the PCRA.
T 26 Having concluded that a rule 60(b)(6) motion would not constitute an attempt to thwart the requirements of rule 60(b)(1)-(5) or the PCRA, we examine whether Mr. Meza's unusual and exceptional cireum-stances warrant rule 60(b)(6) relief. Mr. Meza has "a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." Lafler v. Cooper, - U.S. -, -, 182 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012). The Constitution "ensure[s] that no criminal defendant-whether a citizen or not-is left to the mercies of incompetent counsel." - Padilla, 559 U.S. at 374, 130 S.Ct. 1473 (internal quotation marks omitted). Moreover, "the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families," requires counsel to "inform her client whether his plea carries a risk of deportation." Id.
127 In this case, Mr. Meza contends that his counsel was required to inform him of the possible immigration consequences of his plea in abeyance. And if Mr. Meza's counsel did not provide effective assistance, Mr. Meza must be allowed to challenge his plea. "[Ala absolute prohibition against providing a forum to a defendant in which he may assert defects in his guilty plea would certainly violate constitutional due process guarantees." State v. Merrill, 2005 UT 34, ¶ 29, 114 P.3d 585. Mr. Meza's need for a mechanism to assert a defect in his guilty plea and the PCRA's failure to provide such a mechanism leads us to conclude that his cireumstances are sufficiently unusual and exceptional to qualify for relief under rule 60(b)(6). .
€(28 Because rule 60(b)(6) provides Mr. Meza with a vehicle for challenging his guilty plea on the basis of ineffective assistance of counsel, there is no reason to consider his request that we exercise our constitutional power to fashion a remedy for his alleged ineffective assistance of counsel, Mr. Meza may seek relief from the consequences of his plea by filing a rule 60(b)(6) motion in the justice court where he originally entered his plea in abeyance.
*599 CONCLUSION
29 The district court correctly concluded that Mr. Meza did not qualify for relief under the PCRA. The PCRA requires that a petitioner have been both convicted. and sentenced before he is entitled to seek relief,. But Mr. Meza was never convicted. We therefore affirm the dismissal of Mr. Meza's suit under the PCRA. We decline to rely on our constitutional authority to fashion a mechanism for Mr. Meza to withdraw his plea because he may obtain relief for the alleged ineffective assistance of counsel by filing a rule 60(b)(6) motion in the justice court.

. This case is before us on the limited question of whether the PCRA or another mechanism provides a forum for Mr. Meza, We therefore do not opine on the merits of Mr. Meza's claim that the plea in abeyance prejudices him under federal immigration law.

. In his opening brief, Mr. Meza also argues that the PCRA violates the equal protection provisions of the United States and Utah constitutions. Because this issue was not-raised in the district court, we decline to address it on preservation grounds. In his reply brief, Mr. Meza suggests for the first time that the PCRA does not provide him due process. However, "issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived." Spencer v. Utah State Bar (In re Application of Spencer), 2012 UT 92, ¶ 25 n. 36, 293 P.3d 360 (internal quotation marks omitted). Because Mr. Meza first challenged the constitutionality of the PCRA on due process grounds in his reply brief, we also decline to address that issue.

. Other statutes also construe a plea in abeyance as 'a conviction. E.g., Umar Cope § 17-16-10.5(2)(c) (malfeasance in office) id § 76-9-301.7(1) (cruelty to animals).

. The PCRA does provide a mechanism for a petitioner seeking to withdraw a guilty plea under certain circumstances. See id. § 77-13-62). The PCRA provides a forum for relief from a plea in abeyance when the plea in abeyance is re- . voked and a judgment of conviction is entered, or when the court, in accordance with a successfully completed plea-in-abeyance agreement, "reduce{s] the degree of the offense and enter[s] judgment of conviction and 1mpose[s] sentence." See id. § 77~2a—3(2)(a) But it is not available to a defendant, such as Mr. Meza, who has the charges against him dismissed entirely.

, E.g., Perez-Hernandez v. Holder, 332 Fed.Appx. 458, 461 (10th Cir.2009) ("[A] panel of this court has already held that a guilty plea held in abeyance entered in Utah state court satisfies the 8 U.S.C. § 1101(a)(48)(4A)' definition of a 'conviction'. ..."); United States v. Dell, 359 F.3d 1347, 1349 (10th Cit.2004) (concluding "that the [Utah federal] district court properly counted Dell's , plea in abeyance as a conviction under [the United States Sentencing Guidelines]"); United States v. Gorman, 312 F.3d 1159, 1165 (10th Cir.2002) ("Mr. Gorman's plea in abeyance was both an adjudication of guilt and a conviction.").

, 'The PCRA provides that it "establishes the sole remedy for any person who challenges a conviction or sentence for a criminal offense[,].... replac[ing] all prior remedies for review, including extraordinary or common law writs." Uran Cope § 78B-9-102(1). But because Mr. Meza does not challenge a conviction or a sentence, the PCRA's "sole remedy" provision is inapplicable to him and does not foreclose us from addressing other remedies beyond those provided in the PCRA.

. "[(Aln 1ndlcat10n that no remedy exists in statute or rule to make real the promise afforded by a constitutional right gives rise to questions of what tool should be deployed to protect that *597 right.... [Elxtraordinary writs embody the procedure traditionally used to protect such a right." State v. Rees, 2005 UT 69, ¶ 14, 125 P.3d 874. For example, we have used the petition for an extraordinary writ to review criminal convictions when a defendant's right to appeal has been improperly denied. E.g., Boggess v. Morris, 635 P.2d 39, 42 (Utah 1981) (using the common-law writ of certiorari to review 1061 (Utah 1993) (affirming the issuance of a common-law writ of certiorari to review "the regularity of the proceedings to determine whether the [they} were in accordance with law{] and to correct errors in law affecting the substantial rights of the parties." (internal quotation marks omitted)).

. At oral argument the State asserted that Mr. Meza is not entitled to extraordinary relief unless he can identify the ancient writ that provided the specific relief he seeks. But this is a misapprehension of our power to issue extraordinary writs. - "Our cases demonstrate the practical utility of the flexibility of extraordinary writs in various circumstances." Renn v. Utah State Bd. of Pardons, 904 P.2d 677, 684 (Utah 1995). Although the Utah Constitution "at one time listed each type of writ that was within this court's jurisdiction to grant[,]. ... the practice of specifically listing each available common law writ has been abandoned," State v. Barrett, 2005 UT 88, ¶¶ 10-11, 127 P.3d 682. Instead, the authority to issue extraordinary writs allows us to provide remedies "not available to a party unless necessary to preserve a right that cannot be-protected by a standard legal or equitable remedy." Buack's Law Dictionary 1408 (9th ed.2009) (defining extraordinary remedy). See Rex v. Bank of England (1780) 99 Eng. Rep. 334 (K.B.) 335; 2 Dougl. 525 ("When there is no specific remedy, the Court will grant [the writ of} mandamus that justice may be done.").

. Our rules of civil procedure "also govern in any aspect of criminal proceedings where there is no other applicable statute or rule." Urag R. Ciy. P. 81(e).

. Rule 60(b) "reflects and confirms the courts' own inherent and discretionary power, firmly established in English practice long before the foundation of our Republic, to set aside a judgment whose enforcement would work inequity." Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 233-34, 115 S.Ct. 1447, 131 328 (1995) (internal quotation marks omitted). Some jurisdictions have recognized that rule 60(b) was intended "to retain all [the] substantive rights protected by the old writ of coram nobis." State v. Lucero, 90 N.M. 342, 563 P.2d 605, 606 (App. 1977); see also Commonwealth v. Spaulding, 991 S.W.2d 651, 655 (Ky.1999) ("[Rule 60(b)(6) ] is a catch-all provision that encompasses those grounds, which would justify relief pursuant to *598 [the] writ of coram nobis, that are not otherwise set forth in the rule.").