**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSE LUIS PEREZ-HERNANDEZ,
a/k/a Jose L. Perez-Hernandez,
a/k/a Jose Luis Perez,
a/k/a Jose Hernandez,

        Petitioner,

v.

ERIC H. HOLDER, JR.,[*]
United States Attorney General,

        Respondent.

No. 08-9567
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**GORSUCH**, Circuit Judge.

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for
Michael B. Mukasey as the respondent in this appeal.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Jose Luis Perez-Hernandez petitions for review of a final order of the Bureau of Immigration Appeals authorizing his removal from the United States because he was convicted of an aggravated felony. Mr. Perez-Hernandez contends that his Utah plea to a charge concerning possession with intent to distribute methamphetamine doesn't actually qualify as an aggravated felony. We disagree and thus have no jurisdiction to review his removal order. Alternatively, Mr. Perez-Hernandez seeks review of the BIA's affirmance of an immigration judge's denial of his motion to continue his removal proceedings. But here, too, we do not have jurisdiction to review the Board's decision.

Mr. Perez-Hernandez, a citizen of Mexico, became a permanent resident alien of the United States in 1990. Subsequently, he was arrested for possession of a controlled substance and then for an outstanding warrant relating to a hit and run incident. But this case began in earnest when Mr. Perez-Hernandez was arrested in 2007 for another offense, this time after police apparently found a bag containing drugs and a digital scale at his workplace. Mr. Perez-Hernandez was charged with possession with the intent to distribute a controlled or counterfeit substance (methamphetamine), a second degree felony. In due course, he was allowed to enter a guilty plea to attempted possession with intent to distribute methamphetamine, a third degree felony. The court held his plea in abeyance for a year, pending his completion of a drug treatment program.

When the Department of Homeland Security got wind of all this it charged Mr. Perez-Hernandez with removal under 8 U.S.C. § 1227(a)(2)(A)(iii). That statute authorizes the removal of any alien, including a resident alien, "convicted" of an "aggravated felony." DHS pointed to Mr. Perez-Hernandez's 2007 guilty plea as evidence that he qualified for removal under the statute. Before the immigration judge, Mr. Perez-Hernandez disputed that his Utah plea constituted either a "conviction," or one for an "aggravated felony" within the meaning of the law. He also sought a continuance of his removal proceedings until after his wife's application for naturalization was completed, explaining that he hoped his wife would soon be sworn in as a United States citizen and that he could thereafter seek an adjustment of status.

The immigration judge declined to stay the proceedings, found that Mr. Perez-Hernandez had indeed been convicted of an aggravated felony, and ordered him removed from the United States. The Board of Immigration Appeals affirmed, and Mr. Perez-Hernandez now asks us to undo that decision.

Under 8 U.S.C. § 1252(a)(2)(C), however, we lack jurisdiction to review the merits of a BIA order of removal against an alien on the basis that he or she has been convicted of an aggravated felony. In such cases, our jurisdiction extends only so far as to determine our jurisdiction; that is, "[we] have jurisdiction . . . to determine whether [or not] the jurisdictional bar applies."

*Ballesteros v. Ashcroft*, 452 F.3d 1153, 1156 (10th Cir. 2006) (quotation marks omitted). We "may therefore decide whether the petitioner is (i) an alien (ii) deportable (iii) by reason of a criminal offense listed in the statute." *Id.* (quotation marks omitted). If one of the elements is missing, the bar to our jurisdiction doesn't apply. But if each element is present, the jurisdictional bar pertains and we must dismiss the matter.

This case falls into the latter category. Mr. Perez-Hernandez does not dispute that he is an alien but submits, as he did before the BIA, that § 1227(a)(2)(A)(iii) does not apply to him because he wasn't convicted of an aggravated offense within the statute's meaning. In support of this submission, he offers three arguments. None is persuasive.

First, Mr. Perez-Hernandez contends that he was never actually "convicted" of anything because he simply entered a plea which was held in abeyance for a year. But this position is foreclosed by our precedent: a panel of this court has already held that a guilty plea held in abeyance entered in Utah state court satisfies the 8 U.S.C. § 1101(a)(48)(A) definition of a "conviction," *United States v. Zamudio*, 314 F.3d 517, 521-22 (10th Cir. 2002), and we are not free to revisit the decision of another panel.

Second, Mr. Perez-Hernandez contends that, even if a conviction, his plea wasn't for an "aggravated felony." Congress has defined the term "aggravated

felony" to include "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). In turn, 18 U.S.C. § 924(c)(2) defines drug trafficking crimes to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." The offense to which Mr. Hernandez-Perez pled guilty, Utah Code Ann. § 58-37-8(1)(a)(iii), is just such a crime. Under 21 U.S.C. § 841(a)(1), the CSA proscribes the knowing or intentional possession with the intent to distribute any controlled substance. And this crime is punishable as a felony because Congress has established a maximum penalty for it of greater than one year in prison. *See id.* § 841(b)(1)(B) (setting maximum penalty of five years in prison); 18 U.S.C. § 3559(a) (defining felonies as offenses punishable by more than a year in prison).

Mr. Hernandez-Perez replies that he possessed a relatively small quantity of drugs and emphasizes that he was treated by Utah more as a drug abuser than a drug pusher because the State agreed to rehabilitative drug monitoring rather than jail time. His crime, he says, is thus less like a felony trafficking offense and more like a mere possession offense the CSA would treat as a misdemeanor. The problem is that he was convicted not of mere possession but of a trafficking offense, involving an effort to distribute drugs, that is punishable under the federal CSA as a felony and is thus treated as an aggravated felony for purposes

of the immigration laws. *See Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("possession of a controlled substance with intent to sell contains a trafficking element and is an aggravated felony").

Third, Mr. Perez-Hernandez argues that his conviction is not an aggravated felony for purposes of federal immigration law because the Utah statute under which he was convicted encompasses both felony and misdemeanor offenses. Because the BIA had to look to "conviction records" to determine whether he was convicted of a felony or misdemeanor for purposes of Utah law, he asserts, the government failed to meet its burden of showing that he was convicted of a crime punishable as a felony under the CSA using a "categorical approach." Under the so-called categorical approach we look to statutory definitions rather than "the particular facts underlying those convictions" to decide if an offense qualifies as an aggravated felony. *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see Shepard v. United States*, 544 U.S. 13 (2005). Though this approach first arose in a very different context to answer a very different question, we have adopted it for the purpose of classifying crimes under the immigration laws. *Batrez Gradiz v. Gonzales*, 490 F.3d 1206, 1211 (10th Cir. 2007).

Mr. Perez-Hernandez's argument on this score fails for two reasons. In the first place, Mr. Perez-Hernandez fails to recognize that the categorical approach doesn't categorically prohibit us from examining the charging document or

documents reflecting his plea. *See Shepard*, 544 U.S. at 16; *Taylor,* 495 U.S. at 602; *see also* 8 U.S.C. § 1229a(c)(3)(B) (listing documents or records constituting proof of criminal conviction). The amended information charged Mr. Perez-Hernandez with knowing and intentional possession of a controlled or counterfeit substance, namely methamphetamine, with the intent to distribute, a second degree felony. *See* Utah Code Ann. § 58-37-8(1)(a)(iii). His record of conviction shows that he pled guilty to this same charge, but as a third degree felony. These two documents thus show that he was not convicted of a misdemeanor. Second, whether Mr. Perez-Hernandez was convicted of a felony or misdemeanor under Utah law is ultimately beside the point. The relevant statutory inquiry is whether the state offense of conviction "proscribes conduct punishable as a felony" under the CSA. *Lopez v. Gonzales*, 546 U.S. 47, 60 (2006). Mr. Perez-Hernandez does not and cannot seriously dispute that Utah Code Ann. § 58-37-8(1)(a)(iii) proscribes conduct that is punishable as a felony under the CSA.

At the very least, Mr. Perez-Hernandez submits we should review the decision of the BIA affirming the immigration judge's denial of his request for a continuance of the proceedings while he sought an adjustment of status. But having determined that Mr. Perez-Hernandez committed an aggravated felony pursuant to the terms of § 1227(a)(2)(A)(iii), we lack jurisdiction to review the

-7-

agency's final order of removal, including its interlocutory order denying his request for a continuance. 8 U.S.C. § 1252(a)(2)(C). Our review is also barred by § 1252(a)(2)(B), which generally prohibits review of discretionary decisions by the Attorney General or Secretary of Homeland Security.

Mr. Perez-Hernandez replies that, even in light of these statutory injunctions, we might have jurisdiction at least "so far as those determinations present constitutional claims or questions of law involving statutory construction." *Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007). Mr. Perez-Hernandez then submits that the BIA has previously permitted continuances in similar circumstances and its failure to do so here violates due process. But whatever else is wrong with his argument, the effort to invoke a constitutional "due process" interest surely is. Mr. Perez-Hernandez has identified no source of law entitling him to a continuance, such that due process might be offended by its denial here. Instead, at most he has shown that the immigration judge and BIA have broad statutory discretion to grant or deny continuances in these cases. That they could have offered a continuance but chose not to do so in Mr. Perez-Hernandez's case is something we have no jurisdiction to review: "An alien does not present a colorable constitutional claim capable of avoiding the jurisdictional bar by arguing that the evidence was

incorrectly weighed, insufficiently considered, or supports a different outcome."

*Id.* at 1084.

The petition for review is dismissed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge