*This opinion is subject to revision before final publication in the Pacific Reporter*

**2019 UT 13**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

BRANDON LEE SANDOVAL,
*Appellant,*

*v.*

STATE OF UTAH,
*Appellee.*

No. 20150617
Filed April 3, 2019

On Direct Appeal

Third District, Salt Lake
The Honorable Randall N. Skanchy
No. 130907469

Attorneys:

Troy L. Booher, Freyja R. Johnson, Andrew G. Deiss,
Jensie L. Anderson, Salt Lake City, for appellant

Sean D. Reyes, Att'y Gen., Andrew F. Peterson, Asst. Solic. Gen.,
Salt Lake City, for appellee

JUSTICE HIMONAS authored the opinion of the Court in which
CHIEF JUSTICE DURRANT, JUSTICE PEARCE, and JUSTICE PETERSEN
joined.

ASSOCIATE CHIEF JUSTICE LEE filed a concurring opinion.

JUSTICE HIMONAS, opinion of the Court:

### INTRODUCTION

¶1 Brandon Sandoval appeals the district court's summary judgment decision denying his petition for relief under Utah Code section 78B-9-101, *et seq.*, the Post-Conviction Remedies Act (PCRA). Having failed below to offer a viable theory of relief under the language of the PCRA, Sandoval attempts to launch an as-applied challenge to the PCRA and rule 4-206 of the Utah Code of Judicial

Administration, arguing that the destruction of evidence in accordance with rule 4-206 violated his due process rights under the Utah Constitution. Because Sandoval did not properly present this standalone due process argument to the district court and, irrespective of that procedural defect, failed to satisfy his burden of persuasion on appeal, we affirm the grant of summary judgment.

## BACKGROUND

¶2    Sandoval was arrested and charged with aggravated burglary, theft, and criminal mischief in 2006. A jury convicted him on all counts in 2008. The court of appeals affirmed his conviction in 2010, and this court denied his petition for writ of certiorari on June 11, 2011. No physical evidence linked Sandoval to the scene of the burglary. But a beanie, a bandana, and a duffle bag filled with stolen property were collected from a yard near the scene of the burglary. A bullet shell casing was also found at the scene. None of these items were ever tested for DNA.[1]

¶3    Rule 4-206(4)(B) of the Utah Code of Judicial Administration directs court personnel to dispose of valueless property from exhibits in evidence "[a]fter three months have expired from final disposition of the case." Nearly two years after Sandoval's conviction was upheld, on May 9, 2012, court personnel disposed of all physical evidence from his case, including a "black knit beanie cap, [a] blue and white bandana, and [a bullet] shell casing, all of which were likely touched by the perpetrators of the burglary."[2] The Rocky Mountain Innocence Center (RMIC) began investigating Sandoval's case in the fall of 2012. On October 24, 2012, RMIC was informed that the evidence used as trial exhibits had not been

---

[1] As the case before us is not the direct criminal appeal and focuses on events that occurred after the trial, we only briefly highlight those facts from the underlying trial that are relevant to the disposition of this matter.

[2] Rule 4-206(2)(E) instructs the court clerk to "release . . . all exhibits . . . includ[ing] . . . firearms [and] ammunition" to the party which offered them at trial. We acknowledge that the bullet shell casing may qualify as ammunition and therefore should have been returned to the sponsoring party. And its destruction *may*, therefore, theoretically implicate due process protections. However, we do not explore this point as Sandoval has not carried his burden with regard to the due process claim.

returned by the court. RMIC was notified by the court regarding the disposal of evidence when it received the actual certificate of destruction on November 2, 2012.

¶4 One year later, on October 30, 2013, Sandoval filed a petition for post-conviction relief under rule 65C of the Utah Rules of Civil Procedure. Sandoval made a number of arguments in the district court. Sandoval primarily argued that he is entitled to relief under Utah Code section 78B-9-104.[3] He argued that his conviction had been obtained in violation of the United States Constitution and Utah Constitution because of: (1) the State's failure to perform DNA testing on the evidence; (2) the failure to preserve the evidence such that Sandoval could avail himself of post-conviction DNA testing; and (3) the State's failure to investigate another suspect. He also argued that he received ineffective assistance of counsel at trial and on his direct appeal. Additionally, Sandoval argued that he is entitled to relief—independent of section 104—because the State violated his due process rights under the Utah Constitution when it

---

[3] Section 104 provides myriad circumstances under which a court may vacate or modify a conviction, including the following in relevant part:

> [A] person who has been convicted and sentenced for a criminal offense may file an action in the district court of original jurisdiction for post-conviction relief to vacate or modify the conviction or sentence upon the following grounds:
>> (a) the conviction was obtained or the sentence was imposed in violation of the United States Constitution or Utah Constitution;
>> (b) the conviction was obtained or the sentence was imposed under a statute that is in violation of the United States Constitution or Utah Constitution, or the conduct for which the petitioner was prosecuted is constitutionally protected;
>> (c) the sentence was imposed or probation was revoked in violation of the controlling statutory provisions;
>> (d) the petitioner had ineffective assistance of counsel in violation of the United States Constitution or Utah Constitution

UTAH CODE § 78B-9-104(1)(a)–(d).

disposed of the evidence and deprived him of the ability to seek post-conviction DNA testing, as provided in Utah Code section 78B-9-301. Both parties moved for summary judgment. The district court granted the State's motion and Sandoval appealed to this court.

¶5 On appeal, Sandoval has abandoned his claims seeking relief under section 104 of the PCRA. Instead, Sandoval focuses his appeal solely on whether his due process rights under the Utah Constitution were violated when the evidence was destroyed and he became unable to seek post-conviction DNA testing under section 301 of the PCRA.

¶6 We exercise jurisdiction under Utah Code section 78A-3-102(3)(j).

## STANDARD OF REVIEW

¶7 We review for correctness constitutional and statutory interpretation issues, granting no deference to the district court. *Schroeder v. Utah Attorney Gen.'s Office*, 2015 UT 77, ¶ 16, 358 P.3d 1075; *Harvey v. Cedar Hills City*, 2010 UT 12, ¶ 10, 227 P.3d 256. Similarly, we review the district "court's 'legal conclusions and ultimate grant or denial of summary judgment' for correctness and view[] 'the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.'" *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations omitted).

## ANALYSIS

¶8 Sandoval has failed to articulate any relevant section of the PCRA under which he can seek relief. While his original petition alleged the potential for relief under section 104, he has dropped these claims on appeal. He does not present us with any constitutional or statutory violations of his rights that occurred at trial and he has dropped his claim for ineffective assistance of counsel. Accordingly, the PCRA itself offers him no relief.

¶9 Finding no relief in the PCRA, Sandoval presents a standalone state due process argument claiming that, by following rule 4-206(4) of the Utah Rules of Judicial Administration and disposing of the evidence two years after the final disposition of his case, the State violated his state due process rights by stripping him of the ability to exercise the right to post-conviction DNA testing created by section 301 of the PCRA. He additionally asserts that the lack of direct notice of the pending destruction of the evidence violated his due process rights. We do not pass on these due process claims for a number of reasons. First, these claims are improperly

before us, having been shoehorned into Sandoval's rule 65C petition. Second, even if these claims were procedurally proper, Sandoval has not carried his burden in persuading us that (1) such a due process right exists and (2) if that right exists, the destruction of the evidence violated that right. We therefore affirm the district court's grant of summary judgment.

*Section 104 of the PCRA*

¶10 Once all legal remedies—including a direct appeal—have been exhausted, the PCRA is the sole statutory remedy for any person who challenges a conviction or sentence for a criminal offense. UTAH CODE § 78B-9-102. Rule 65C provides the procedural vessel by which a petition seeking post-conviction relief under the PCRA may be filed. Accordingly, a proper rule 65C petition must seek some form of relief under the PCRA. On appeal, Sandoval has abandoned all claims seeking relief under the PCRA. The reason for this is simple: the PCRA itself offers no remedy to Sandoval. As Sandoval's counsel candidly admitted at oral argument, "[t]he State is correct in noting that Mr. Sandoval's claim does not fall under any provision of the PCRA."

¶11 The relevant portions of section 104 require Sandoval to show either that his conviction was obtained or his sentence was imposed in the face of some constitutional or statutory violation or that he received ineffective assistance of counsel. *See supra* ¶ 4 n.3. Sandoval cannot demonstrate any such violation. He has dropped all appeals that pertain to any supposed due process violations at or before trial or during sentencing—as enumerated in subsections 104(1)(a)–(c)—and no longer asserts ineffectiveness of counsel under subsection 104(1)(d). The relief he now seeks is no longer rooted in section 104. Instead, he seeks relief on the basis that evidence was destroyed after his conviction was obtained and his sentence was imposed—a basis on which the PCRA offers no statutory remedy. *See* UTAH CODE § 78B-9-104(1) (enumerating the grounds for relief under the PCRA). In other words, Sandoval no longer asserts any claim for relief that would properly be brought in a rule 65C petition.

*Sandoval's as-applied challenge*

¶12 No doubt because Sandoval recognizes that the PCRA itself offers him no remedy, on appeal he has staged an as-applied challenge under section 301 of the PCRA, claiming that destruction of the evidence in accordance with rule 4-206 violated his due process rights under the Utah Constitution. Section 301 of the PCRA provides the right to a convicted felon to "file a petition for post-conviction DNA testing in the trial court that entered the judgment

of conviction if the person asserts factual innocence under oath" and the petition meets several statutory requirements.[4] UTAH CODE § 78B-9-301(2) Such an avowal, if discovered to be fallacious, would risk a perjury charge and could harm Sandoval's chances at parole and release. Sandoval argues that he has a substantive right under the Utah Constitution to avail himself of post-conviction DNA testing under section 301 and that this right was violated when the evidence was destroyed without actual notice nearly two years after the final disposition of his case. This claim fails for a number of reasons.

¶13 As an initial matter, a rule 65C petition is an improper procedural vessel for bringing standalone due process claims. Because rule 65C provides the procedure for filing a petition for post-conviction relief under the PCRA, a proper rule 65C petition must seek relief under specific provisions of the PCRA. While Sandoval presented this type of claim below, his appeal has abandoned any such claims. *See supra* ¶ 10. Sandoval's standalone due process claim is therefore improperly before us. However, even if we allowed Sandoval to shift the focus of his rule 65C petition to a due process inquiry separated from the statutory rights granted by the PCRA, he has failed to carry his burden here in demonstrating a due process violation under the Utah Constitution.

¶14 Relying on a *federal* standard, *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52 (2009), Sandoval asserts that by enacting section 301 and providing procedures for post-conviction DNA testing the State created a substantive right to post-conviction DNA testing. Sandoval then asserts that this right to DNA testing creates a "liberty interest" in any procedures that are

---

[4] Sandoval has never actually filed a petition for post-conviction DNA testing under section 301 and now cannot. Subsection 301(2)(a) requires the evidence to be "still in existence and . . . in a condition that allows DNA testing to be conducted." UTAH CODE § 78B-9-301(2)(a) There is no evidence in existence to test. The evidence in question existed at the time of trial and was disposed of years later pursuant to Utah Code of Judicial Administration Rule 4-206. Additionally, Sandoval has never asserted his innocence under oath and so has not complied with the requirements of subsection 301(2). Because of his failure (and now inability) to comply with these clear statutory requirements, Sandoval cannot avail himself of post-conviction DNA testing under section 301.

"essential to the realization" of the right created by the PCRA and that the state-created right to DNA testing begets "yet other rights to procedures essential to the realization of the parent right." *Osborne*, 557 U.S. at 68. Therefore he claims that, by following rule 4-206(4) and disposing of post-conviction evidence, the State violated his *state* due process rights by stripping him of the ability to exercise the right to DNA testing created by the PCRA. Sandoval has failed to do the requisite leg-work to persuade this court that (1) such a right exists under the Utah Constitution, and (2) even if such a right existed, the destruction of the evidence violated that right.

¶15 We have stated that "[t]here will be times when the legislature enacts laws that confer substantive rights ... [and sometimes] the procedures attached to the substantive right cannot be stripped away without leaving the right or duty created meaningless." *State v. Drej*, 2010 UT 35, ¶ 31, 233 P.3d 476. But Sandoval has not presented us with focused briefing on this issue. Instead, Sandoval simply argues that *Osborne*, a federal due process case, mandates the recognition of specific rights under the Utah Constitution. After citing *Osborne* for the proposition that such rights exists—an unclear proposition[5]—he turns to the *Tiedemann* standard, a state due process case discussing pre-trial destruction of evidence,[6]

---

[5] The federal postconviction "right[s] to due process [are] not parallel to [] trial right[s], but rather must be analyzed in light of the fact that [the convicted] has already been found guilty at a fair trial, and has only a limited interest in postconviction relief." *Osborne*, 557 U.S. at 69. We decline to explore the contours of any state due process rights unnecessarily and have not been asked to pontificate on federal due process guarantees.

[6] Sandoval asserts that *State v. Tiedemann*, 2007 UT 49, 162 P.3d 1106, provides the appropriate framework for determining whether his due process rights under the Utah Constitution were violated when the clerk destroyed evidence after the final disposition of his case. *Tiedemann* entails a lengthy discussion about the rights of criminal defendants with respect to any information possessed by the State which could aid in their defense at trial. In other words, *Tiedemann* addresses the pre-trial destruction of evidence. Sandoval has not demonstrated that *Tiedemann* should also apply in the post-trial context. And nothing in that opinion mentions the rights of appellants who are already convicted and Sandoval has not carried his burden in persuading us that its reasoning should extend to post-trial destruction of evidence.

for application of that supposed right with no explanation as to why it should apply in the post-trial context. This is not enough.[7]

¶16 Sandoval cannot establish state constitutional rights to post-conviction DNA testing—and any procedural rights related thereto—by citing to a federal case. Instead, Sandoval would have to demonstrate that the due process clause of the Utah Constitution provides such rights. Such an argument would likely involve a thorough examination of Utah's constitutional history in an attempt to show that the original public meaning of the due process clause considered and encompassed such a right. Sandoval has not made that argument. Accordingly, we decline to comment on whether state due process dictates that the PCRA, by providing the right to DNA testing, creates a substantive right to post-conviction evidence retention, noticing, or any procedures related thereto.

¶17 Furthermore, even if such a right existed, Sandoval has not carried his burden in explaining why the destruction of the evidence violated that right. Sandoval argues that his supposed due process right was violated when the State destroyed the evidence two years after the final disposition of the case without giving Sandoval actual notice. But Sandoval fails to adequately explain why he was entitled to actual notice or why two years was an insufficient amount of time for him to exercise his statutory right to post-conviction DNA testing. Although Sandoval was not given actual notice of the destruction of the evidence, he did have constructive notice—in the form of rule 4-206—that the evidence would only be retained for three months. Sandoval does not explain why this constructive notice was insufficient, instead opting to squeeze his notice arguments into the *Tiedemann* framework—which he has failed to demonstrate is the appropriate framework in these cases. Additionally, Sandoval fails to argue that the two years between the final disposition of his case and the destruction of the evidence was an insufficient amount of time for him to avail himself of the DNA

---

[7] The concurrence criticizes us for "opining on matters of state constitutional law." *Infra* ¶ 25. But we are expressly *not* opining on the merits of Sandoval's attempt to articulate a state due process claim, which we have gone out of our way to stress; rather, we seek only to emphasize the problems with how Sandoval elected to brief this matter.

testing statute for purposes of due process. For these reasons, Sandoval's standalone due process claim fails.[8]

*Rule 4-206*

¶18 Because we foresee a potential due process challenge in a future case we now wish to comment on rule 4-206. Subsection (4) prescribes the procedure for disposing of exhibits used in evidence after final disposition of a case. The three-month time limit functionally imposes a temporal bar on the rights afforded to the convicted by the PCRA because the preservation of their evidence is not guaranteed beyond three months. Additionally, there is no formal notice sent to the convicted aside from the publication of the rule. We note that the Judicial Council may wish to explore whether the three-month time limit imposed by the rule so limits the rights granted by the PCRA as to implicate due process concerns. Additionally, the Council may wish to examine the lack of formal notice directly to the convicted. We do not comment here on the due process implications of the time period imposed by rule 4-206 or the form of notice required by the Utah Constitution.[9]

---

[8] To be clear, we do not mean to imply by "standalone" that Sandoval's alleged state due process claim is not grounded in the PCRA. As Sandoval has argued, it is section 301 of the PCRA that allegedly creates the liberty interest that may give rise to a state due process claim. As such, the "sole remedy" provision of section 102 of the PCRA, which the concurrence faults us for not invoking with respect to Sandoval's state due process claim, simply has no logical play. To say otherwise is to say that the PCRA creates a constitutional right that the PCRA itself forecloses: The metaphor of the serpent devouring its own tail is an apt one.

[9] We have already noted the potential argument available to Sandoval related to rule 4-206(2)(E) but decline to explore what constitutes "ammunition" for the purposes of this rule or determining if a procedural violation occurred in the disposal of trial exhibits.

## CONCLUSION

¶19 A convicted felon may seek to have their conviction modified or vacated through the rights and remedies provided by the PCRA. Sandoval has failed to comply with any relevant section of the PCRA that could offer him relief. Additionally, he has failed to properly bring a case that demonstrates that the disposal of evidence years after the final disposition of his trial violated his state due process rights. As a consequence, we do not here decide what, if any, procedures are called for by the state due process clause regarding the right to post-conviction DNA testing. We affirm the district court.

---

ASSOCIATE CHIEF JUSTICE LEE, concurring in part and concurring in the judgment:

¶20 The case before us on appeal was filed in the district court under the Postconviction Remedies Act (PCRA), Utah Code section 104. Appropriately so, as Brandon Sandoval had previously challenged his conviction on direct appeal, and the PCRA provides "the sole remedy for any person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies, including a direct appeal." UTAH CODE § 78B–9–102(1). This statutory remedy "replaces all prior remedies for review, including extraordinary or common law writs." *Id.* The PCRA "does not apply" to "(a) habeas corpus petitions that do not challenge a conviction or sentence for a criminal offense; (b) motions to correct a sentence pursuant to Rule 22(e), Utah Rules of Criminal Procedure; or (c) actions taken by the Board of Pardons and Parole." *Id.* § 78B-9-102(2). But except for these excluded proceedings, the PCRA forecloses any claim for relief not allowed by its terms. *See id.* § 78B-9-102(1). Such preclusion is "[t]he whole point of the sole remedy provision" of the PCRA. *Meza v. State*, 2015 UT 70, ¶ 43, 359 P.3d 592 (Lee, A.C.J., concurring in part and concurring in the judgment).

¶21 The majority gives some effect to this provision. In affirming the dismissal of the claims presented on appeal the majority notes that "Sandoval has abandoned all claims seeking relief under the PCRA" and correctly concludes that "[t]he relief he now seeks is [not] rooted in section 104." *Supra* ¶¶ 10, 11. Sandoval's remaining claim asserts that his right to due process was violated "when the evidence was destroyed without actual notice nearly two years after the final disposition of [this] case." *Supra* ¶ 12. Because this claim seeks relief on "a basis on which the PCRA offers no statutory

LEE, A.C.J., concurring in part and concurring in the result

remedy," the court rightly holds that this claim is foreclosed by the sole remedy provision of the PCRA and is thus not properly before us on this appeal. *Supra* ¶¶ 11, 13 (holding that "Sandoval's standalone due process claim is therefore improperly before us").

¶22 The majority fails to carry this conclusion to its logical end, however. Despite holding that Sandoval's claim is foreclosed by the PCRA, the majority nonetheless proceeds to opine on the merits of an asserted due process right to postconviction DNA testing. *See supra* ¶¶ 14–17. I write separately because I respectfully disagree with this portion of the court's opinion. By rejecting Sandoval's due process claim the majority fails to give effect to the sole remedy provision of the PCRA. Importantly, the court also runs afoul of the doctrine of constitutional avoidance.[1]

---

[1] The majority seeks to avoid this problem by framing its constitutional analysis as a response to an "as-applied" challenge to the constitutionality of the PCRA. *See supra* ¶ 12. Such a challenge admittedly would not—and could not—be foreclosed by the PCRA. But there is no as-applied challenge before us in this case. No such challenge was leveled in the district court, and none was presented in the briefs on appeal.

An as-applied challenge to the PCRA would identify a basis in the constitution for foreclosing the legislature's authority to limit the grounds for postconviction review to those set forth by the legislature. Such challenges have been raised in recent cases before this court. In *Patterson v. State* (No. 20180108) for example, the petitioner asserts that the sole remedy provision of the PCRA is unconstitutional to the extent it forecloses the authority of the Utah courts to issue "extraordinary writs" under article VIII of the Utah Constitution. Brief for Petitioner at 34, Patterson v. State (No. 20180108). Sandoval would be free to raise this kind of challenge to the PCRA. He is entitled to show that the PCRA exceeds the legislature's constitutional authority as applied to his case. But he has not attempted to do so—not in the district court, and not in the briefs on appeal.

Instead of raising an as-applied challenge to the constitutionality of the PCRA, Sandoval has simply asserted that he has a meritorious constitutional claim that is foreclosed by the PCRA. *See supra* ¶ 11 (noting that Sandoval "seeks relief on the basis that evidence was destroyed after his conviction was obtained and his sentence was imposed—a basis on which the PCRA offers no remedy"). But that is not an as-applied challenge to the constitutionality of the PCRA. It is

(continued . . .)

¶23 The doctrine of constitutional avoidance is an important "principle of judicial restraint." *Utah Stream Access Coal. v. VR Acquisitions LLC*, 2019 UT 7, ¶ 55, --- P.3d --- (concluding that disposition of constitutional claim was necessary because no non-constitutional claim was asserted). When a case may be decided on either constitutional or non-constitutional grounds, the doctrine of avoidance directs us to resolve the case on non-constitutional grounds.[2]

¶24 The majority overrides this doctrine. Despite its conclusion that Sandoval's claims are statutorily barred, the court rejects Sandoval's claims on the alternative ground that they fail on their merits. It states that "even if we allowed Sandoval to shift the focus of his rule 65C petition to a due process inquiry separated from the statutory rights granted by the PCRA, he has failed to carry his burden here in demonstrating a due process violation under the Utah Constitution." *Supra* ¶ 13. In so doing the court proceeds to analyze the due process questions presented in this case—outlining a basis for a party to "demonstrate that the due process clause of the Utah Constitution" may establish a right to post-conviction DNA testing, *supra* ¶ 16, and adopting a standard for judging whether the

---

the assertion of a purportedly meritorious constitutional claim. That is not the same thing. The constitutionality of the PCRA as applied to a particular claim cannot turn on whether the underlying claim is itself meritorious. (That would result in an odd scheme in which the threshold right to assert a claim would depend on whether the claim ultimately succeeds on its merits. I know of no constitutional principle that works like that; Sandoval certainly has not attempted to identify one.) It must instead depend on whether the legislature exceeded its constitutional authority in acting to foreclose a particular claim. Sandoval has raised no such as-applied challenge. And this accordingly cannot be a basis for overriding the doctrine of constitutional avoidance.

[2] *See State v. DeJesus*, 2017 UT 22, ¶ 33, 395 P.3d 111 ("[C]ourts will not pass upon a constitutional question . . . if there is also present some other ground upon which the case may be disposed of." (internal quotation marks omitted) (quoting *Slack v. McDaniel*, 529 U.S. 473, 485 (2000)); *State v. Wood*, 648 P.2d 71, 82 (Utah 1982) (stating the "fundamental rule" that the courts should "avoid addressing a constitutional issue unless required to do so").

LEE, A.C.J., concurring in part and concurring in the result

destruction of evidence would "violate[] that right" assuming "such a right existed." *Supra* ¶ 17.[3]

¶25 We should not be opining on matters of state constitutional law in a case in which the constitutional claim is foreclosed by statute. Doing so ignores the sole remedy provision of the PCRA[4] and fails to honor the doctrine of constitutional avoidance.

---

[3] The majority seeks to avoid this problem by insisting that it is not opining on the merits of Sandoval's due process claim, but instead just "emphasiz[ing] the problems with how Sandoval elected to brief this matter." *Supra* ¶ 17 n.8. That is a fair characterization of how the court frames some of its grounds for rejecting Sandoval's claim. But the court also speaks in some detail about both federal and state cases of relevance to the due process claim propounded by Sandoval. And it ultimately concludes that "Sandoval's standalone due process claim fails." *Supra* ¶ 17. This is constitutional analysis set forth in a section of the opinion that is framed as an alternative ground for the court's judgment. And it flows from a premise that is mistaken—that Sandoval has somehow asserted an as-applied challenge to the constitutionality of the PCRA. *See supra* ¶ 22 n.10.

[4] The majority seeks to distance itself from the PCRA's sole remedy provision with the assertion that it has "no logical play" in a case in which the alleged right to DNA testing is itself rooted in the PCRA. *See supra* ¶ 15 n.7. But this misunderstands the nature of Sandoval's claim. Sandoval seeks to establish a constitutional (not a statutory) right to postconviction DNA testing. Sandoval has pointed to statutory provisions (in the PCRA) that recognize a right to DNA testing as evidence of the constitutional right that he asserts. But he has not asserted that the PCRA establishes a right to the DNA testing he seeks. Instead he has asked us to establish a new constitutional right that is not prescribed by statute. And for that reason we cannot dismiss the applicability of the sole remedy provision on the ground that "otherwise" the PCRA would be viewed as "creat[ing] a constitutional right that the PCRA itself forecloses." *Supra* ¶ 17 n.8.